IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

APRIL 1997 SESSION

FILED

July 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. No. 03C01-9604-CR-00176 |
| | ) | |
| Appellee, | ) | BLOUNT COUNTY |
| | ) | |
| VS. | ) | **HON. D. KELLY THOMAS, JUDGE** |
| | ) | |
| DONALD R. PARTON, | ) | (Agg. Burglary) |
| | ) | |
| Appellant. | ) | |

FOR THE APPELLANT:

**STEVE MERRITT**
116 E. Harper Avenue
Maryville, TN 37804

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General and Reporter

**SARAH M. BRANCH**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**MIKE FLYNN**
District Attorney General

**PHILIP MORTON**
Assistant District Attorney General
363 Court Street
Maryville, TN 37804

**OPINION FILED:** _____

**AFFIRMED**

**CHRIS CRAFT,**
**SPECIAL JUDGE**

**O P I N I O N**

The defendant, Donald R. Parton, appeals as of right from the denial of his application for alternative sentencing. He entered guilty pleas to two concurrent seven year sentences, to Aggravated Burglary and Theft over $1,000.00, as a Range II Multiple Offender, and requested relief from confinement so that he could complete a drug or alcohol substance abuse program. After a hearing, the trial judge denied relief.

In this appeal, the defendant contends that the trial court erred by refusing to sentence him to six months confinement and then placement with a Community Corrections Program. Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. §§ 40-35-401(d), -402(d). As the Sentencing Commission Comments to these sections note, the burden is therefore now on the appealing party to show that the sentencing is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review, the trial court must place on the record its reasons for arriving at the final sentencing decision. T.C.A. §40-35-210(f) (1990). State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994).

The reasons the trial court gave for denying the defendant's application were that release other than confinement has been tried in the past and had proved unsuccessful, that the defendant had a poor work history, had not cooperated with the Department of Corrections while on parole, by moving and giving them no new address so that they could not make home visits, and that he had a horrible criminal record including past convictions for crimes of violence, all supported by the record. The

defendant is not statutorily presumed to be a favorable candidate for a sentence other than confinement because he was sentenced as a Range II Multiple Offender, rather than as a "standard offender convicted of a Class C, D or E felony," pursuant to T.C.A. § 40-35-102(6). Even if this defendant were entitled to the presumption, the trial judge would have been fully justified in denying him Community Corrections because of his criminal history evincing "clear disregard for the laws and morals of society" and "failure of past efforts at rehabilitation." T.C.A. § 40-35-102(5) and State v. Bonestel, 871 S.W. 2d 163,167 (Tenn. Crim. App. 1993).

The defendant's prior criminal history includes three prior felony convictions and multiple violations of probation. The presentence report includes an assessment of defendant by his previous probation officer that

> the defendant violated nearly all the terms of his probation repeatedly. He used alcohol, stayed out to late hours, married without permission, failed to perform community service work. His arrests ranged from aggravated rape to assault to larceny but the victims would all agree to drop charges and they would all subsequently be dropped. Client also had virtually no work history, did not pay fees or court costs and adamantly refuses to go to any form of counseling, A.A. or to work on his G.E.D.

The trial court's denial of a community corrections sentence is supported by the record, and the defendant has failed to demonstrate that the sentence imposed by the trial court is improper.

The judgment of the trial court is AFFIRMED.


_____
_____CHRIS CRAFT, SPECIAL JUDGE


CONCUR:

_____
JERRY L. SMITH, JUDGE


_____
JOE G. RILEY, JUDGE

3