# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY 1998 SESSION

FILED

February 18, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9703-CC-00103 |
| Appellee, | ) | |
| | ) | HICKMAN COUNTY |
| VS. | ) | |
| | ) | HON. CORNELIA A. CLARK, |
| BRIAN KEITH HARDING, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:                   FOR THE APPELLEE:


**JOHN HENDERSON**
Public Defender

**ELAINE B. BEELER**
Asst. Public Defender
P.O. Box 68
Franklin, TN 37065

**JOHN KNOX WALKUP**
Attorney General & Reporter

**KAREN M. YACUZZO**
Asst. Attorney General
450 James Robertson Pkwy.
Nashville, TN  37243-0493

**JOSEPH D. BAUGH**
District Attorney General

**RONALD DAVIS**
Asst. District Attorney General
P.O. Box 937
Franklin, TN 37065


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was indicted on several charges stemming from three separate incidents. He was charged with two counts of aggravated burglary, one count of theft of property valued at less than one thousand dollars ($1000), and two counts of theft of property valued at less than five hundred dollars ($500). He ultimately pled guilty to two counts of aggravated burglary and one count of theft of property valued at less than five hundred dollars ($500). As part of the plea bargain, he agreed to three year sentences for each of the aggravated burglaries and a thirty day sentence for the theft; all of which were to run concurrently. A sentencing hearing was held to determine the manner in which the defendant should serve his sentence. The trial court denied his request for probation and ordered him to serve his sentences in the Tennessee Department of Correction.

In this appeal as of right, the defendant argues that the trial court erred when it denied his request for probation. After a review of the record and applicable law, we find no error and affirm the judgment of the court below.

As the defendant entered a guilty plea, there are few facts in the record regarding the offenses for which he was convicted. Only one witness testified at the sentencing hearing and her testimony was not relevant to the instant convictions. The defendant did not testify nor did he call anyone to testify on his behalf.

The presentence report reflects that on September 25, 1995, the defendant entered the home of Dwayne Jordan and took electronic equipment which he later sold to a nearby pawn shop. On October 23, 1995, the defendant entered the home of Torrey

2

Shelby and took a Nintendo game and game cartridge, a necklace, and some cash. On June 28, 1995, the defendant took two newspaper vending machines. He evidently confessed to at least two of the crimes.

The presentence report further reflects that the defendant, who was twenty-one years old at the time of sentencing, had been previously convicted of theft, vandalism, and making a false report. For these convictions, he had been sentenced to probation and thus was on probation when he committed the October 1995 offense. The report also indicated that the defendant had been given a less than honorable discharge from the United States Army after he had been AWOL for several months. The defendant reported a sporadic employment history: he worked approximately one month at Pizza Hut, approximately two months at Domino's, approximately two months for a temporary service, and approximately six months at Wal-Mart.

At the sentencing hearing, the defendant's attorney told the court that since the presentence report had been filed, the defendant had married and had been working at Propper Sales, a distribution center primarily for military clothing. The defendant now argues that he is a suitable candidate for probation.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

3

Tennessee Code Annotated § 40-35-103 sets out sentencing considerations which are guidelines for determining whether or not a defendant should be incarcerated. These include the need "to protect society by restraining a defendant who has a long history of criminal conduct," the need "to avoid depreciating the seriousness of the offense," the determination that "confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or the determination that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant."  T.C.A. § 40-35-103(1).

In determining the specific sentence and the possible combination of sentencing alternatives, the court shall consider the following: (1) any evidence from the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and the arguments concerning sentencing alternatives, (4) the nature and characteristics of the offense, (5) information offered by the State or the defendant concerning enhancing and mitigating factors as found in T.C.A. §§ 40-35-113 and -114, and (6) the defendant's statements in his or her own behalf concerning sentencing.  T.C.A. § 40-35-210(b).  In addition, the legislature established certain sentencing principles which include the following:

> (5)  In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration; and
>
> (6)  A defendant who does not fall within the parameters of subdivision (5) and is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

4

T.C.A. § 40-35-102.

After reviewing the statutes set out above, it is obvious that the intent of the legislature is to encourage alternatives to incarceration in cases where defendants are sentenced as standard or mitigated offenders convicted of C, D, or E felonies. However, it is also clear that there is an intent to incarcerate those defendants whose criminal histories indicate a clear disregard for the laws and morals of society and a failure of past efforts to rehabilitate.

The defendant complains that the court should not have denied his request for probation. In determining whether the defendant should be granted probation, the court must consider the defendant's criminal record, social history, present physical and mental condition, the circumstances of the offenses, the deterrent effect upon the criminal activity of the accused as well as others, and the defendant's potential for rehabilitation or treatment. State v. Bonestel, 871 S.W.2d 163, 169 (Tenn. Crim. App. 1993). In this case, the sentencing court found that the defendant had a history of criminal convictions and that measures less restrictive than confinement had been unsuccessful, given that he committed one of the instant offenses while on probation. The trial court further noted that the defendant had evidenced a clear disregard for the laws of this state and had further evidenced a lack of potential for rehabilitation, given that the offenses occurred over several months, indicating a sustained intention to violate the law.

The evidence presented in the presentence report fully supports the trial court's findings. Furthermore, these findings clearly support the trial court's conclusion that probation is not proper for this defendant. The judgment of the trial court is therefore affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
JERRY L. SMITH, Judge


_____
THOMAS T. WOODALL, Judge