# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## AUGUST 1998 SESSION

**FILED**

September 18, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9705-CC-00167** |
| Appellee, | ) | |
| | ) | **MONTGOMERY COUNTY** |
| VS. | ) | |
| | ) | **HON. JOHN H. GASAWAY III,** |
| **MELVIN WAYNE ARCHULETA,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:       FOR THE APPELLEE:

**J. TIMOTHY STREET**
136 Fourth Ave., South
Franklin, TN 37064
   (On Appeal)

**MICHAEL JONES**
Public Defender

**COLLIER GOODLETT**
Asst. Public Defender
109 South Second St.
Clarksville, TN 37040
   (At Trial)

**JOHN KNOX WALKUP**
Attorney General & Reporter

**GEORGIA BLYTHE FELNER**
Asst. Attorney General
Cordell Hull Bldg., 2nd Fl.
425 Fifth Ave., North
Nashville, TN 37243-0493

**JOHN W. CARNEY**
District Attorney General

**WILLIAM CLOUD**
Asst. District Attorney General
204 Franklin St., Suite 200
Clarksville, TN 37040

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was indicted for theft of property over five hundred dollars ($500) in value. He pled guilty to theft of property less than five hundred dollars ($500). Following a sentencing hearing, the trial court sentenced the defendant to eleven months and twenty-nine days, to serve six months with the balance probated. The defendant now appeals and argues that the trial court erred by not suspending his entire sentence. After a review of the record and applicable law, we find that the trial court did not err in denying the defendant's request for probation. The judgment of the court below is affirmed.

In the summer of 1995, the defendant noticed several tire rims outside of Huff's Tractor Service. He then took the rims and several days later he attempted to sell the rims to Friendly Tire. Friendly Tire noticed markings on the rims indicating the rims were the same rims Friendly Tire had sent to Huff's Tractor Service for repair. Friendly Tire became suspicious and notified Mr. Huff of the attempted sale. Mr. Huff subsequently reported the incident to the police.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The defendant complains that the court erred in not granting his request for full probation. In determining whether the defendant should be granted probation, the court must consider the defendant's criminal record, social history, present physical and mental condition, the circumstances of the offenses, the deterrent effect upon the criminal activity of the accused as well as others, and the defendant's potential for rehabilitation. State v. Bonestel, 871 S.W.2d 163, 169 (Tenn. Crim. App. 1993).

Based on the lengthy criminal record revealed in the presentence report and the absence of a reasonable expectation of rehabilitation, the judge denied probation. The trial judge specifically stated that, in light of the prior convictions, there was no reason for the court to believe that a probated sentence would bring about rehabilitation. The trial judge concluded that the defendant appeared to be incapable of being rehabilitated. The evidence presented fully supports these findings.

The defendant further contends that the trial court erred in failing to note on the record what enhancement and mitigating factors, if any, were relied on in the decision not to grant probation. This contention is without merit. This Court has previously held the Criminal Sentencing Reform Act does not require trial judges to explicitly list on the record applicable enhancing and mitigating factors in misdemeanor cases. State v. Loden, 920 S.W.2d 261, 266 (Tenn. Crim. App. 1995).

In sum, the evidence presented fully supports the trial court's findings. Furthermore, these findings support the trial court's conclusion that probation is not proper for this defendant. The judgment of the trial court is therefore affirmed.

_____
JOHN H. PEAY, Judge

3

CONCUR:


_____
THOMAS T. WOODALL, Judge


_____
L. TERRY LAFFERTY, Special Judge