**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**AUGUST SESSION, 1998**



FILED

**March 22, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9708-CR-00322** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JOHN P. COLTON, JR.** |
| **NEAL JACKSON,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal-Possession of** |
| | ) | **Cocaine - Robbery)** |

**FOR THE APPELLANT:**

MARVIN E. BALLIN
MARK A. MESLER
200 Jefferson Avenue, Ste. 1250
Memphis, TN 38103

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

PETER M. COUGHLAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

DANIEL R. WOODY
Assistant District Attorney
201 Poplar Avenue - Third Floor
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

This matter is an appeal as of right by Appellant, Neal Jackson, from the judgment of the Shelby County Criminal Court. In May 1997, Appellant entered guilty pleas on charges of unlawful possession of a controlled substance with intent to sell and deliver and robbery. The trial court ordered that Appellant receive a three year sentence on each charge to run concurrently. In July 1997, Appellant filed a notice of appeal to this Court. On appeal, Appellant raises the issue of whether the trial court properly denied his petition for a suspended sentence.

After a review of the record, we affirm the judgment of the trial court.

## FACTS

At the probation hearing, Appellant explained to the trial court his version of the events which led to his arrest. Appellant testified that he went to a club on the night of March 27, 1995. In the early morning hours of March 28, 1995, as Appellant proceeded to a friend's vehicle, he was approached by Mr. Joe Ward, Jr. who asked for a cigarette. Following this dialogue, Appellant sprayed mace at Mr. Ward and took one thousand dollars ($1,000) from his money belt. Appellant fled in his friend's vehicle, ran the car into a tree, and left the scene on foot. Later that day, Appellant returned the money to Mr. Ward through a cousin who delivered it. Additionally, the presentence report reflects that on May 30, 1995, police officers went to a storage lot to check Appellant's vehicle. Their

search produced a Tennessee license plate registered to Appellant and a vial containing residue. The residue in the vial later tested positive for cocaine.

At the close of the probation hearing, the trial judge stated that he had reviewed the presentence report and Appellant's record in determining that Appellant should not receive a suspended sentence. The trial court noted that Appellant had previously been placed on probation for a ten year period in Mississippi following a conviction of aggravated possession of cocaine in Texas. The trial court also acknowledged Appellant's prior criminal record in Shelby County with respect to a theft and weapons charge. It was further determined by the trial court that the record was without proof that Appellant had current employment possibilities. Based on the above considerations, the trial court denied Appellant's petition to suspend his sentence. Subsequently, in July 1997, Appellant filed a notice of appeal to this Court.

## I. ALTERNATIVE SENTENCING CONSIDERATIONS

Appellant challenges the trial court's denial of his request for a suspended sentence and contends that the trial court failed to properly consider the sentencing principles, and the facts and circumstances of his case. Specifically, Appellant argues that a number of mitigating factors present in his case were not applied by the trial court. Appellant also asserts that he would be a good candidate for rehabilitation.

In the case *sub judice*, our analysis begins with a determination of whether Appellant is entitled to the presumption of alternative sentencing. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Appellant is a Range I standard offender

and was convicted of two Class C felonies. He has been sentenced to two concurrent three year sentences. Therefore, Appellant is entitled to the presumption. Tenn. Code Ann. §40-35-102(6). Appellant contends that the State failed to offer evidence to rebut the presumption. We disagree. In the present case, the presumption is rebutted by overwhelming evidence presented by the State, the testimony of Appellant, facts contained in the presentence report, and other sources made part of the record. State v. Bonestel, 871 S.W.2d 163,167 (Tenn. Crim. App. 1993).

We find that confinement is necessary to protect society by restraining Appellant who has a history of criminal conduct. Tenn. Code Ann. §40-35-103 (1)(a). The chronology of Appellant's criminal history was noted by the trial court at the probation hearing. Appellant's criminal history begins in 1990 with a theft conviction. Appellant also received a weapons conviction in 1994. In February 1995, Appellant committed a crime in Texas which resulted in a conviction for aggravated possession of cocaine. A few months later, in May 1995, Appellant committed the crimes which are the subject of this appeal. In July 1996, Appellant began serving a six month incarcerative sentence in Texas for the cocaine conviction and was released in January 1997 to ten years probation. Accordingly, we find the trial court was correct in finding Appellant's history of criminal conduct a legitimate factor in denying probation.

Furthermore, we determine that measures less restrictive than confinement have frequently and recently been applied unsuccessfully to Appellant. Tenn. Code Ann. §40-35-103(1)(c). Appellant contends that he would make a good candidate for rehabilitation. However, he has recently demonstrated a lack of

potential for rehabilitation. Appellant claimed to have "learned something" from his Texas conviction and incarceration. Nonetheless, the offenses which are the subject of the current appeal were committed while Appellant was on probation following a conviction for aggravated possession of cocaine in Texas. Clearly, Appellant's potential for rehabilitation is negligible. Therefore, we conclude that the trial court was correct in denying probation based upon Appellant's lack of potential for rehabilitation.

We find the record amply supports the trial court's denial of probation. Accordingly, the judgment of the court below is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JOHN K. BYERS, SENIOR JUDGE