STATE of Tennessee, Appellee,

v.

**Troy Jack BONESTEL and James G. Davidson, Appellants.**

Court of Criminal Appeals of Tennessee, at Nashville.

April 22, 1993.

OPINION

JONES, Judge.

The appellants, Troy Jack Bonestel[1] and James G. Davidson, were convicted of aggravated burglary, a Class C felony, following their respective pleas of guilty to the offense. The trial court sentenced both appellants to pay a fine of $3,000 and serve three (3) years in the Department of Correction as Range I standard offenders pursuant to the parties' plea bargain agreements. The trial court refused to suspend the appellants' sentences and place them on probation.

There are two issues presented for review. Bonestel contends that the trial court abused its discretion in refusing to grant him judicial diversion pursuant to Tenn.Code Ann. § 40–35–313. Bonestel and Davidson both contend that the trial court abused its discretion in refusing to suspend their respective sentences and place them on probation, or, in the alternative, sentence them to another form of alternative sentence.

The judgment of the trial court is affirmed.

The appellants purchased marijuana from the victim's son. The transaction took place at the residence of the victim. Later, the appellants discovered that they had received one-half the quantity of marijuana they had purchased. Several days later the appellants returned to the victim's residence to either obtain the additional quantity of marijuana due them or a refund of their money.

A crowbar was used to open a shed behind the residence. The appellants, familiar with marijuana trafficking, correctly assumed that marijuana was being grown in the shed. However, the plants were relatively small; and the plants were not suitable for consumption. They subsequently used the crowbar to open the back door of the residence. What the appellants allegedly removed from the trailer was disputed. The appellants admitted that they took a small quantity of marijuana, a .22 pistol, and a

Charles W. Burson, Atty. Gen. and Reporter, John B. Nisbet, III, Asst. Atty. Gen., Nashville, Joseph D. Baugh, Dist. Atty. Gen., Timothy L. Easter, Asst. Dist. Atty. Gen., Franklin, for appellee.

Larry D. Drolsum, Asst. Public Defender, Franklin, TN, for appellant Bonestel.

John H. Henderson, Dist. Public Defender, Franklin, for appellant Davidson.

1. The indictment returned by the Hickman County Grand Jury charged "Troy Jack Bonestel and James G. Davidson." It is the policy of this Court to style opinions with the same names that are contained in the charging instrument, albeit in this case the correct spelling of the surname may be "Bonesteel" rather than "Bonestel." The only place the name "Bonestel" can be found in the record is the indictment.

pocketknife from the residence. The victim's wife testified that in addition to these items the appellants removed a .22 rifle, a gold bracelet, and a gold necklace.

Bonestel was eighteen years of age when he committed the offense in question. He is single. His education extends through the eighth grade. He has made no effort to finish high school or to obtain a GED. Bonestel admitted that he had been fired by two previous employers. He was terminated by one employer for fighting. His present employer wrote a letter to the trial court on his behalf.

While Bonestel had not been convicted of a criminal offense prior to the commission of the present offense, he testified that he had used and sold marijuana for a period of three years. He also testified that he no longer smokes marijuana. Subsequently, Bonestel was arrested for and convicted of possessing alcohol as a minor. He disposed of this matter shortly before the sentencing hearing.

Davidson, the uncle of Bonestel, was thirty-four years of age when he was sentenced. He too is single. His education extends through the sixth grade. He testified that he had attended a few classes to obtain a GED while he was working with the Hickman County Highway Department. Davidson testified that he quit school and began working on his father's farm because of a learning disability.

The record reveals that Davidson worked for the Hickman County Highway Department for eight years. He terminated this employment to "keep from having trouble." He worked for a landscaper for a year. He was terminated due to a lack of work. He was also terminated by another employer for this same reason. When the sentencing hearing was held, Davidson had been working for a tree company for two weeks.

The presentence report reveals that Davidson was convicted of an attempt to commit a felony in 1985. The felony was possessing marijuana and valium with intent to sell. The court sentenced him to serve one year, but the sentence was suspended. He admitted that he used and sold marijuana for an extended period of time. According to Davidson, he has not sold marijuana since 1985, but he continued to use the substance until he was arrested for the burglary. He previously sought help from a drug rehabilitation facility due to his marijuana addiction. Davidson also admitted that he had "problems" with valium and demerol which had been prescribed to alleviate his headaches.

Davidson stated that he has poor eyesight, but he has never made an effort to have his eyes examined or obtain glasses. He also contends that he has "bad nerves", the learning disability alluded to hereinabove, and severe headaches.

Both appellants gave a statement to the investigating officer. However, the appellants admitted that they were less than candid with the officer. Bonestel told the officer that he went to the victim's residence alone. He testified that he was attempting to protect his uncle when he made the statement. He was not aware that a witness saw two people approach the residence. Davidson told the officers that he did not go into the residence. He testified that this statement was untrue because he had entered the residence.

## I.

When an accused challenges the manner of serving a sentence, it is the duty of this Court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn.Code Ann. § 40–35–401(d). However, there are exceptions to this requirement. First, the requirement that this Court presume the determinations made by the trial court are correct is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn.1991). Second, the presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused. Third, the presumption does not apply when the determinations made by the trial court are predicated upon uncontroverted facts.

■ When the appellant contends that the trial court committed error in refusing to impose a sentence pursuant to Tenn.Code Ann. § 40–35–313, commonly referred to as "judicial diversion," a different standard of appellate review applies. In reviewing these issues this Court must determine whether the trial court abused its discretion in failing to sentence the accused pursuant to the statute. *State v. George,* 830 S.W.2d 79, 80 (Tenn.Crim.App.1992); *State v. Oscar Anderson,* 857 S.W.2d 571 (Tenn.Crim.App., 1992, Jackson). As this Court said in *Anderson:*

> The standard by which we must review a judicial diversion decision is not specifically provided in the 1989 Act. In T.C.A. §§ 40–35–401 and –402, appellate review of the range, length or manner of service of a sentence is *de novo* upon the record with the trial court's determinations being presumed correct. However, judicial diversion entails more than these sentencing characteristics—it affects the underlying conviction as well. Also, the sentencing alternatives provided by the legislature in T.C.A. § 40–35–104 do not include judicial diversion.

> We conclude that judicial diversion is similar in purpose to pretrial diversion and is to be imposed within the discretion of the trial court subject only to the same constraints applicable to prosecutors in applying pretrial diversion under T.C.A. § 40–15–105. Therefore, upon review, if "any substantial evidence to support the refusal" exists in the record, we will give the trial court the benefit of its discretion. *State v. Hammersley,* 650 S.W.2d 352, 356 (Tenn.1983). Only an abuse of that discretion will allow us to overturn the trial court.

*State v. Oscar Anderson,* at 572.

■ When the accused raises sentencing issues in this Court, the accused has the burden of establishing that the sentence imposed by the trial court was erroneous. Sentencing Commission Comments to Tenn.Code Ann. § 40–35–401(d); *State v. Ashby,* 823 S.W.2d at 169; *State v. Fletcher,* 805 S.W.2d 785, 786 (Tenn.Crim.App.1991).

## II.

■ If an accused has been convicted of a Class C, D or E felony and sentenced as an especially mitigated or standard offender, there is a presumption, rebuttable in nature, that the accused is a favorable candidate for alternative sentencing unless disqualified by some provision of the Tennessee Criminal Sentencing Reform Act of 1989. Tenn.Code Ann. § 40–35–102 provides in part:

> (5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration; and

> (6) A defendant who does not fall within the parameters of subdivision (5) and is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

[8, 9] The sentencing process must necessarily commence with a determination of whether the accused is entitled to the benefit of the presumption. *State v. Ashby,* 823 S.W.2d at 169. As the Supreme Court said in *Ashby:* "If [the] determination is favorable to the defendant, the trial court *must* presume that he is subject to alternative sentencing. If the court is presented with evidence sufficient to overcome the presumption, then it may sentence the defendant to confinement according to the statutory provision[s]." (Emphasis added). 823 S.W.2d at 169. The presumption can be successfully rebutted by facts contained in the presentence report, evidence presented by the state, the testimony of the accused or a defense witness, or any other source provided it is made a part of the record.

The accused were entitled to the presumption that they were favorable candidates for alternative sentencing.

## III.

Bonestel contends that the trial court abused its discretion in refusing to grant him judicial diversion. Davidson does not qualify for judicial diversion because he was previously convicted of a felony.

When an accused has been convicted of a misdemeanor or certain designated felonies, the trial court may, in the exercise of its discretion, defer further proceedings and place the accused on probation without entering a judgment of guilty. Tenn.Code Ann. § 40–35–313(a)(1). The period of probation must equal the maximum for the offense if the accused stands convicted of a misdemeanor, or be no longer than the maximum sentence if the accused is convicted of a felony. Tenn.Code Ann. § 40–35–313(a)(1). If the accused successfully completes the requisite probationary period, the trial court is required to discharge the accused and dismiss the proceedings, Tenn.Code Ann. § 40–35–313(a)(2); and the accused may have the official records of the proceedings expunged after dismissal of the proceedings. Tenn.Code Ann. § 40–35–313(b). This procedure is commonly referred to as judicial diversion. *See State v. George,* 830 S.W.2d 79, 80 (Tenn.Crim.App.1992).

Before an accused is eligible for judicial diversion, the record must reflect that the accused (a) was convicted of a misdemeanor, which is punishable by imprisonment, or a Class C, D, or E felony, (b) has never been convicted of a felony or a Class A misdemeanor, and (c) consents to the deferment of the proceedings and the imposition of probation for up to the maximum length of punishment for the crime in question. Tenn. Code Ann. § 40–35–313(a)(1). The fact that an accused meets these prerequisites does not entitle the accused to judicial diversion as a matter of right. The statute states that a trial court "may" grant judicial diversion in appropriate cases. Moreover, the accused is *not* entitled to the presumption created by Tenn.Code Ann. § 40–35–102(6) in these cases. Thus, whether an accused should be granted judicial diversion is a question which addresses itself to the sound discretion of the trial court. This Court, as indicated, will not interfere with the refusal of the trial court to grant judicial diversion if there is "any substantial evidence to support the refusal" contained in the record. *State v. Oscar Anderson, supra.*

The criteria that the trial court must consider in deciding whether a qualified accused should be granted judicial diversion includes: (a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the status of the accused's physical and mental health, and (f) the deterrence value to the accused as well as others. *See State v. Hammersley,* 650 S.W.2d 352, 355 (Tenn.1983). The trial court should also consider whether judicial diversion will serve the ends of justice—the interests of the public as well as the accused. *See State v. Hammersley,* 650 S.W.2d at 355.

The trial court is to consider all of the criteria enumerated when determining whether to grant judicial diversion. *See State v. Herron,* 767 S.W.2d 151, 156 (Tenn. 1989); *State v. Markham,* 755 S.W.2d 850, 853 (Tenn.Crim.App.1988). When the trial court refuses to grant judicial diversion to an accused, the court should clearly articulate and place in the record the specific reasons for its determination. As the Supreme Court said in *State v. Herron:*

This requirement entails more than an abstract statement in the record that the [trial court] has considered these factors. [The trial court] must articulate why [it] believes a defendant in a particular case does not meet the test. If the [trial court] bases [its] decision on less than the full complement of factors enumerated in this opinion [the trial court] must, for the record, state why [it] considers that those [it] relies on outweigh the others submitted for [its] consideration.

767 S.W.2d at 156.

Deterrence in judicial diversion cases is to be considered in the same manner as it is in probation cases. *State v. Hammersley,* 650 S.W.2d at 354; *State v. Holland,* 661 S.W.2d 91, 93 (Tenn.Crim.App.1983). In *State v. Michael,* 629 S.W.2d 13, 15 (Tenn.1982), the Supreme Court said "the case law and the legislative declaration envision an examina-

tion of the deterrence factor in the context of each case and assigning it such weight, credit and value as the circumstances warrant."

## IV.

Davidson contends that the trial court should have suspended his sentence and placed him on probation. Bonestel also contends that the trial court should have suspended his sentence and placed him on probation if this Court finds that he was properly denied judicial diversion.

■ Probation is a privilege or act of grace which may be granted to an accused who is eligible and worthy of this largesse. *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974). An accused is eligible for probation if the sentence actually imposed is eight (8) years or less, unless the accused stands convicted of (a) manufacturing, delivering, selling, or possessing with the intent to manufacture, deliver or sell a Schedule I drug, Tenn.Code Ann. § 39–17–417(b), (b) manufacturing, delivering, selling, or possessing with the intent to manufacture, deliver or sell certain quantities of illicit narcotics, Tenn.Code Ann. § 39–17–417(i), (c) aggravated kidnapping, Tenn.Code Ann. § 39–13–304, (d) aggravated robbery, Tenn.Code Ann. § 39–13–402, or (e) aggravated sexual battery, Tenn.Code Ann. § 39–13–504. *See* Tenn.Code Ann. § 40–35–303(a). In the case *sub judice*, the appellants were eligible for probation. The sentence imposed was three (3) years; and the offense in question is not one of the enumerated offenses.

■ In determining whether an accused should be granted probation the trial court and this Court must consider and weigh all of the *Stiller* factors. *State v. Michael*, 629 S.W.2d 13, 15 (Tenn.1982); *Franks v. State*, 543 S.W.2d 613, 615 (Tenn. Crim.App.1976). The *Stiller* factors include the accused's criminal record, social history, present physical and mental condition, the circumstances of the offense, the deterrent effect upon the criminal activity of the accused as well as others, and the accused's potential for rehabilitation or treatment in determining whether the accused should prevail. *Stiller v. State*, 516 S.W.2d at 620. *See* Tenn.Code 40–35–103(5); *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn.Crim.App.1990). If the trial court fails to consider all of these factors, giving each factor the weight it deserves in the context of the facts and circumstances presented, this Court must reverse and remand the cause to the trial court for a new sentencing hearing or the entry of an order granting the accused probation. *State v. Michael*, 629 S.W.2d 13, 15 (Tenn.1982); *Franks v. State*, 543 S.W.2d 613, 615 (Tenn. Crim.App.1976). *See State v. Barber*, 595 S.W.2d 809 (Tenn.1980) (trial court abused discretion in only considering the enormity of the offense in denying probation); *Mattino v. State*, 539 S.W.2d 824, 828 (Tenn.Crim.App. 1976) (trial court abused discretion in only considering circumstances of the offense; considering only the nature and character of the offense constituted "too narrow a view" of the relevant factors).

■ Before a trial court can deny probation on the ground of deterrence, there must be some evidence contained in the record that "the sentence imposed will have a deterrent effect within the jurisdiction." *State v. Horne*, 612 S.W.2d 186, 187 (Tenn.Crim.App. 1980). *See State v. Ashby*, 823 S.W.2d at 170 ("[t]he finding of deterrence cannot be conclusory only but must be supported by proof"); *State v. Smith*, 735 S.W.2d 859, 864 (Tenn.Crim.App.1987); *State v. Jenkins*, 733 S.W.2d 528, 535 (Tenn.Crim.App.1987); *State v. Vance*, 626 S.W.2d 287, 290 (Tenn.Crim. App.1981). This requirement comports with the Tennessee Criminal Sentencing Reform Act of 1989. The Act mandates that "[a] sentence must be based on evidence in the record of the trial, the sentencing hearing, [and] the presentence report...." Tenn. Code Ann. § 40–35–210(g).

■ While there is an element of deterrence present in every criminal case, the significance of this factor in restraining the defendant or curbing the propensity of others to commit similar acts varies with the nature of the offense and the manner in which the offense was committed. *State v. Michael*, 629 S.W.2d at 14. Thus, deterrence as a factor must be viewed "in the context of each case and assign[ed] ... such weight, credit and value as the circumstances war-

rant." *Id.* at 15. *See State v. Ashby,* 823 S.W.2d at 170.

## CONCLUSION

After a thorough review of the record, the briefs submitted by the parties, and the law, this Court concludes that the trial court properly denied the appellants' respective requests for judicial diversion and probation. Thus, the judgment of the trial court should be affirmed.

■ The trial court did not abuse its discretion in refusing to grant Bonestel judicial diversion. Bonestel's unstable employment history, his admitted drug use and sale of drugs for a period of three years, the circumstances of the offense, and the serious need to deter retaliation for a drug transaction that went sour justified the denial of judicial diversion. Moreover, there is a serious question as to Bonestel's amenability to correction. He has made no effort to complete his high school education or to obtain a GED. His employment record is extremely poor. Also, he committed and was convicted of a criminal offense after the prosecution in this case had commenced. He was less than candid when giving a statement to the investigating officer.

The trial court properly declined to suspend the appellants' sentences and place them on probation. The statutory presumption that the appellants were favorable candidates for alternative sentencing was rebutted by the appellants' own testimony.

The same reasons which justified the denial of judicial diversion for Bonestel justified the denial of probation.

■ Davidson, like Bonestel, has an extensive history of selling and using illicit drugs. He apparently became addicted to drugs that had been prescribed by a medical doctor for his ailments. Although he received treatment for his drug addiction, he continued to use marijuana until the commission of the offense in question. He also has a prior felony conviction. Davidson has made very little effort to obtain his GED. He too was less than candid when giving a statement to the investigating officer. The probation he was previously granted was unsuccessful in helping him to rehabilitate himself.

The appellants candidly admitted that the burglary was committed in retaliation for a drug sale that went sour. There is a serious need to deter this conduct. People are seriously beaten or murdered because of drug transactions. Presently pending before this Court is a prosecution for murder in the first degree which had its genesis in drug trafficking. In addition, there are several reported and unreported cases in this jurisdiction where the sole reason for the murder of the victim was a drug transaction or drug trafficking.

SUMMERS, J., and ALLEN R. CORNELIUS, Jr., Special Judge, concur.