# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MAY SESSION, 1998

FILED

September 10, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9707-CC-00306 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | WILLIAMSON COUNTY |
| VS. | ) | |
| | ) | HON. DONALD P. HARRIS |
| TIMOTHY LANE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Judicial Diversion) |

FOR THE APPELLANT:

J. TIMOTHY STREET
136 Fourth Avenue, South
Franklin, TN  37064

E. COVINGTON JOHNSON
136 Fourth Avenue, South
Franklin, TN.  37064

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

KAREN M. YACUZZO
Assistant Attorney General
425 Fifth Avenue North
Nashville, Tn.  37243

JOE D. BAUGH, JR.
District Attorney General

MARK PURYEAR
Assistant District Attorney
P. O. Box 937
Franklin, TN  37065-0937

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# **OPINION**

On March 25, 1997, in the Williamson County Circuit Court, the Appellant, Timothy L. Lane, pled guilty to a charge of aggravated assault. As a Range I standard offender, he was sentenced to a two year suspended sentence and five years of supervised probation. Mr. Lane was also ordered to continue counseling with respect to the issues which had caused him to attack the victim, and he was ordered to pay restitution to the victim for the injuries sustained by her.

The Appellant presents one issue for our consideration on appeal:

Whether the trial court erred in refusing to grant the Appellant so-called judicial diversion pursuant to Tennessee Code Annotated Section 40-35-313.

We find that the judgment of the trial court must be affirmed.

## I. FACTUAL BACKGROUND

In November, 1994, the Appellant was charged with two counts of aggravated assault involving an attack upon Ms. Teresa McCord, the Appellant's sister. Mr. Lane applied for pretrial diversion pursuant to Tennessee Code Annotated Section 40-35-101, et seq. This application was denied and an interlocutory appeal to this Court was granted. State v. Lane, Williamson County, No. 01C01-9506-CC-00213 (Tenn. Crim. App. Sept. 5, 1996). The circumstances surrounding the charges against the Appellant are summarized in that opinion:

On September 29, 1994, the defendant resided in a trailer located upon property owned by his sister, Teresa McCord, who is listed in the indictment as the victim of the alleged offense. The defendant, now 32 years of age, is the custodian of his two minor children; at the time of the charges, he shared his residence with his mother. The defendant had been employed for the last several years in security at Baptist Hospital in Nashville. Although not a high school graduate, he has an employment history that includes work as a dispatcher in the Fairview Police Department and work in traffic control in Nashville. The defendant is licensed to carry a firearm. He has no prior criminal record.

An altercation occurred after the victim, who lived next door, swore out an unlawful detainer warrant against the defendant. After being notified of the action by local authorities, the defendant had one or more telephone conversations with the victim about how long he could maintain his trailer on her property.

Later, the defendant and the victim argued. While the facts are contested, the victim claimed that the defendant attacked her in her own front year, struck her in the face, and punched his finger into her eyes until she was helpless. The victim, who suffered serious injuries to her eyes, was hospitalized. Photographs in the record substantiate the severity of her injuries. The defendant claimed that the victim initiated the altercation. He asserted that his sister grabbed him by the throat, cutting off his air supply, and that he panicked, swinging wildly, until she released her hold. Lane, Slip Op. at pp. 4-5.

This Court affirmed the district attorney's denial of pretrial diversion based on the Appellant's lack of acceptance of responsibility for the offense and the severity of the injuries sustained by the victim. Slip Op. p.5. This Court did indicate that judicial diversion pursuant to Tennessee Code Annotated Section 40-35-313, might be a consideration in the future. Id.

In March of 1997 the Appellant entered a plea of guilty to a single count of aggravated assault. He applied for judicial diversion pursuant to Tennessee Code Annotated Section 40-35-313, but this request was denied and he was sentenced to a suspended sentence and probation.

At the hearing on the request for judicial diversion the Appellant presented testimony concerning his good work history, and his care for his ailing mother.

He admitted he was the aggressor in the attack on his sister and stated he was remorseful and that he had begun counseling for the issues between him and his sister that had led to the assault. However, the proof also showed that for over two years after the assault the Appellant showed no remorse, made no attempt to pay restitution and actually blamed the victim for the incident. Only after the victim, Ms. McCord told the Appellant that she would not press for his incarceration did he "remember" he had initiated the attack and become remorseful.

## II. DENIAL OF JUDICIAL DIVERSION

The Appellant's only contention in this appeal is that the trial court erred in denying him judicial diversion pursuant to Tennessee Code Annotated Section 40-35-313. We disagree.

In order to be considered for judicial diversion under Section 40-35-313, a defendant must meet three criteria:

(1)    conviction of a misdemeanor punishable by imprisonment or conviction of a Class C, D, or E felony;

(2)    no prior felony or Class A misdemeanor convictions;

(3)    consent by the defendant to deferment of the proceedings and imposition of probation for up to the maximum sentence length for the crime in question.

Tenn. Code Ann. Sec. 40-35-313(a)(1). If these criteria are met and the trial court sentences the defendant pursuant to Sec. 40-35-313, at the completion of the probationary period the defendant is discharged without an adjudication of guilt and the records of the entire proceeding are subject to expungement. Tenn. Code Ann. § 40-35-313(a)(2) and (b).

Although the Appellant in the instant case meets the statutory prerequisites for judicial diversion he is not entitled to the benefits of Sec. 40-35-313 as a matter of right. State v. Bonestal, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993). The decision to grant or deny judicial diversion rests within the discretion of the trial court whose decision will not be reversed on appeal if there is any substantial evidence to support it. Tenn. Code Ann. § 40-35-313(a)(1); State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992); Bonestal, 871 S.W.2d at 168.

This Court had held that in determining whether to grant judicial diversion the trial court should consider:

  (1)   the defendant's amenability to correction;
  (2)   the circumstances of the offense;
  (3)   the defendant's criminal record;
  (4)   the defendant's social history;
  (5)   the status of the defendant's physical and mental health;
  (6)   the deterrence value to the defendant as well as others; and
  (7)   whether judicial diversion will serve the best interests of both the public and the defendant.

Bonestal, 871 S.W.2d at 168 (applying pretrial diversion considerations enumerated in State v. Hammersley, 650 S.W.2d 352 (Tenn. 1983)); Anderson, 857 S.W.2d at 573. In addition to the factors enumerated above, the trial court may consider the defendant's attitude and behavior since his arrest. State v. Washington, 866 S.W.2d 950-951 (Tenn. 1993).

Judicial diversion is similar in purpose to pretrial diversion and its grant is left to the discretion of the trial court subject only to the same constraints applicable to prosecutors in applying pretrial diversion. Anderson, 857 S.W.2d at 572. This Court has previously concluded that pretrial diversion was appropriately denied in this case. The question now becomes whether

-5-

circumstances have sufficiently changed so as to characterize a denial of judicial diversion as an abuse of discretion.

In the instant case relations between the Appellant and his sister have improved. However, only after his sister's assurances that she would not seek his incarceration did the Appellant express his remorse and accept responsibility for his actions. One could clearly conclude from this that the Appellant's remorse is less that genuine. He also apparently lied in his application for pretrial diversion when he claimed his sister initiated the altercation which resulted in her rather severe injuries. This lack of candor also causes us doubt as to the Appellant's amenability to rehabilitation.

We therefore conclude the trial court did not abuse his discretion in denying judicial diversion and granting the Appellant probation. Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
DAVID G. HAYES, JUDGE