# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### DECEMBER SESSION, 1998

FILED

January 28, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9801-CC-00035 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | SEVIER COUNTY |
| VS. | ) | |
| | ) | HON. RICHARD R. VANCE |
| PATRICIA BOHNENSTIEHL, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Theft over $10,000) |

FOR THE APPELLANT:

DAVID W. WEBB
1415 Middle Creek Road
Sevierville, TN  37862

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

AL SCHMUTZER, JR.
District Attorney General

CHUCK ATCHLEY
Assistant District Attorney
Sevier County Courthouse
Sevierville, TN  37862

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# **OPINION**

On October 15, 1997, Appellant Patricia Bohnenstiehl pleaded guilty to one count of theft of property worth more than $10,000. Appellant's agreement with the State involved a suspended sentence of six years with supervised probation and it allowed Appellant to request judicial diversion. On November 18, 1997, the trial court denied Appellant's request for judicial diversion. Appellant challenges that denial. After a review of the record, we affirm the judgment of the trial court.

## FACTS

Appellant was employed by Burchfield-Overbay & Associates in Sevier County, Tennessee from December 1993 to March 1995. Appellant began embezzling money from the company during the first month she was employed and she continued until she resigned her position and took another job in Sevier County. During her employment with Burchfield-Overbay, Appellant embezzled a total of $22,347.89 by keeping a portion of cash deposits, forging at least one check, and making false entries into the account books. Appellant claimed that she took the money in order to pay off credit card bills and to support herself and her three children.

## ANALYSIS

Appellant contends that the trial court erred when it denied her request for judicial diversion. At the time of Appellant's guilty plea, Tennessee Code Annotated section 40-35-313 provided, in relevant part:

> If any person who has not previously been convicted of a felony or a Class A misdemeanor is found guilty or pleads guilty to . . . a Class C, D or E felony, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place the person on probation upon such reasonable conditions as it may require, and for a period of time not less than the period of the maximum sentence . . . of the felony with which the person is charged . . . .

Tenn. Code Ann. § 40-35-313(a)(1)(A) (1997).[1]  The procedure under this provision is commonly referred to as judicial diversion.  It is substantially similar to pretrial diversion;  however, judicial diversion follows a guilty plea and the decision to grant diversion rests with the court, not the prosecutor.  State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992).

The trial court's denial of judicial diversion is subject to appellate reversal only if that court abused its discretion.  State v. Hammersley, 650 S.W.2d 352, 356 (Tenn. 1983).  When a defendant challenges the denial of judicial diversion, we are constrained not to revisit the issue if the record contains any substantial evidence supporting the trial court's decision.  Id.

This Court has stated that in determining whether to grant judicial diversion, the trial court must consider

> (a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the status of the accused's physical and mental health, (f) the deterrence value to the accused as well as others, and (g) whether diversion will serve the public's and the accused's interests in the ends of justice.

State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993).  Moreover, the record must reflect that the court has weighed all of the factors in reaching its determination.  Id.  The court must explain on the record why the defendant does

---

[1]This statute has since been amended.  See Tenn. Code Ann. § 40-35-313 (Supp. 1998).

not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others. Id.

The record indicates that the trial court considered and balanced the above factors when it denied Appellant's request for judicial diversion. The trial court examined the pre-sentence report and noted that Appellant's lack of a criminal record was an important factor in its decision. The trial court also recognized that Appellant had "skills, talents, [and] abilities." In addition, the court noted that Appellant had a "good background in her church, community, work activities," and with her children. In fact, the court considered Appellant's family circumstances in making its decision to grant probation rather than impose incarceration.

Although the trial court recognized these favorable factors, the court concluded that they were outweighed by concerns about the interest of the public and the need for deterrence. The court noted that Appellant had stolen $22,000 from an employer who had put her in a position of trust. Thus, other potential employers had a clear interest in knowing that Appellant had been convicted of this offense. In addition, the court was concerned that diversion would send a message to the public that being convicted of embezzlement merely results in having to repay the amount that was stolen. Thus, the deterrent effect on the public was of great concern.

We conclude that the trial court's determination to deny judicial diversion is supported by substantial evidence. Of particular importance is proof that Appellant began embezzling money almost as soon as she was hired by Burchfield-Overbay, that she embezzled money throughout the fifteen month

period of her employment, that she utilized different means of embezzling the money, and that she falsified documents in order to keep her wrongdoing from being detected. Under these circumstances, we cannot say that the trial court abused its discretion when it denied Appellant's request for judicial diversion.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
JAMES CURWOOD WITT, JR., JUDGE