IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

OCTOBER 1999 SESSION



**FILED**

**December 17, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

STATE OF TENNESSEE,          )
                             )
    Appellee,            )   C.C.A. No. W1999-01737-CCA-R3-CD
                             )
v.                           )   Shelby County
                             )
                             )   Honorable Carolyn Wade Blackett, Judge
CLAY F. DEAN,                )
                             )   (Denial of Judicial Diversion)
    Appellant.           )


FOR THE APPELLANT:                    FOR THE APPELLEE:

ROBERT M. BRANNON, JR.                PAUL G. SUMMERS
296 Washington Avenue, Suite 3        Attorney General & Reporter
Memphis, TN 38103
                                      R. STEPHEN JOBE
                                      Assistant Attorney General
                                      425 Fifth Avenue North
                                      Nashville, TN 37243-0493

                                      WILLIAM L. GIBBONS
                                      District Attorney General

                                      JANET L. SHIPMAN
                                      Assistant District Attorney General
                                      201 Poplar Avenue, Suite 301
                                      Memphis, TN 38103-1947



OPINION FILED: _____


REMANDED


ALAN E. GLENN, JUDGE

# O P I N I O N

The defendant, Clay F. Dean, was indicted by the Shelby County Grand Jury for the offenses of driving under the influence of an intoxicant and reckless driving. He entered a guilty plea in the Shelby County Criminal Court to reckless driving and was sentenced to thirty days confinement. The sentence was suspended except for the time the defendant had served, with the defendant to then be placed on probation for five months and twenty-nine days. He then asked that the trial court place him on diversion, the trial court denying this request after a hearing. The defendant filed a timely appeal of this denial. Based upon our review of the matter, we remand it to the trial court for supplementation of the record.

## FACTS

On May 19, 1998, the defendant was indicted by the Shelby County Grand Jury in a two-count indictment for driving under the influence of an intoxicant and reckless driving. He submitted to the trial court, on October 16, 1998, his petition for waiver of trial by jury and request for acceptance of plea of guilty. According to that petition, the defendant was entering a plea of guilty to reckless driving, in violation of Tenn. Code Ann. § 55-10-205, and receiving as punishment confinement for thirty days, with twenty-nine days suspended and credit for one day in jail. Additionally, according to the petition, the matter was reset for November 17, 1998, for a hearing on the defendant's request for diversion. Also on October 16, 1998, the defendant executed, and his counsel filed with the court, a negotiated plea agreement, which stated that the defendant was entering a plea of guilty to reckless driving, for which he was receiving as punishment confinement for thirty days, with twenty-nine days suspended and credit for one day served. Additionally, a $500 fine was imposed.

A presentence report was submitted to the trial court by the Justice Network. The conclusion of that report is as follows:

> The above named defendant appears eligible for a suspended sentence or diversion. No record of any prior convictions for felonies or Class A misdemeanors exists. It is recommended that the defendant attends and completes Alcohol Safety School.

According to the Justice Network report, the defendant had received his high school diploma in 1996 and was attending the University of Memphis. He had been employed

2

from January 1996, until August 1996, at Tiger Cleaners in Memphis. From 1996 until the time of the report, he had been employed at U.S. Male, also in Memphis.

On November 17, 1998, a hearing was held on the defendant's request that he be put into the diversion program. At this hearing, the defendant, who was the only witness, testified that, subsequent to the reckless driving charge for which he was then seeking diversion, he had entered a guilty plea in Division 12 of the Shelby County General Sessions Court to reckless driving. As explanation for this later offense, the defendant stated that he "was immature and didn't fully understand the consequences" of what he had done. He testified that his plans for the future were to continue with his job, pay the court costs and fines, and continue attending college. The defendant was employed as a warehouse worker at U.S. Male, and his duties required that he make deliveries to his employer's four locations in the City of Memphis. Apparently, there was no accident involved in either of the reckless driving incidents. However, no additional information regarding the facts of either matter was presented, other than the fact the defendant submitted to a field sobriety test but refused an intoximeter test following one of the arrests. The State of Tennessee opposed the defendant's request for judicial diversion.

Following this proof, the trial court took the matter under advisement until November 23, 1998, at which time the court imposed upon the defendant the previously agreed upon sentence, but denied, without additional explanation, his request for judicial diversion. The defendant timely appealed that denial.

**ANALYSIS**

It is within the sound discretion of the trial court as to whether a defendant should be placed on judicial diversion. State v. Harris, 953 S.W.2d 701, 705 (Tenn. Crim. App. 1996). In reviewing a refusal to grant judicial diversion, the appellate court must uphold the decision of the trial court if "any substantial evidence [exists in the record] to support the refusal." State v. Hammersley, 650 S.W.2d 352, 356 (Tenn. 1983). The trial court must consider a number of factors in determining whether to grant judicial diversion:

> (a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the status of the accused's physical and mental health, and (f) the deterrence value to the accused as well as others. The trial court should also consider whether judicial diversion will serve the ends of justice – the interests of the public as well as the accused.

State v. Lewis, 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997), perm. app. denied (Tenn.

3

1998) (citing <u>State v. Bonestel</u>, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993)).

It does not appear that all of these matters were considered and, as did the court in <u>Lewis</u>, we do not find the record to be sufficiently complete to "allow appropriate appellate review." <u>Lewis</u>, 978 S.W.2d at 567. Accordingly, we remand the matter to the trial court to reconsider the defendant's request for judicial diversion.

_____
ALAN E. GLENN, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
NORMA McGEE OGLE, JUDGE