# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
June 19, 2001 Session

## STATE OF TENNESSEE v. DONALD J. MOORE

**Direct Appeal from the Circuit Court for Coffee County**
**No. 29,824F    John W. Rollins, Judge**

---

**No. M2000-02621-CCA-R3-CD - Filed August 7, 2001**

---

THOMAS T. WOODALL, J., dissenting.

I respectfully dissent from the majority opinion in this case. First, I am compelled to note that there is not a transcript of the guilty plea hearing in the record. It is well settled that when a defendant appeals a sentencing issue and fails to provide a transcript of the guilty plea hearing in the record, that this court presumes that the action of the trial court was correct. See State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999); State v. Griffis, 964 S.W.2d 577, 592-93 (Tenn. Crim. App. 1997).

In addition, even if the transcript of the guilty plea hearing had not been omitted, I respectfully conclude that if the judgment of the trial court must be reversed, the matter should be remanded to give the trial court the opportunity to state on the record why he denied judicial diversion. See State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989) (requiring a trial court to clearly state on the record its specific reasons for denying judicial diversion, in order to allow for meaningful appellate review); see also, State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983); State v. Bonestel, 871 S.W.2d 163,168 (Tenn. Crim. App. 1993), *overruled on other grounds by* State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). Whether an accused should be granted judicial diversion is a question which addresses itself to the sound discretion of the trial court. Bonestel, 871 S.W.2d at 168. This court will not interfere with the refusal of the trial court to grant judicial diversion if there is "any substantial evidence to support the refusal contained in the record." Id. When the trial court errs by failing to state on the record his reasons for denying judicial diversion, the matter should be remanded for clarification by the trial court. For this court to grant judicial diversion in this particular case, without a remand to the trial court, would be substituting our discretion for the discretion of the trial court.

---

THOMAS T. WOODALL, JUDGE