IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
August 19, 2003 Session

## STATE OF TENNESSEE v. PAUL REGAN, ALIAS

**Direct Appeal from the Criminal Court for Knox County**
**No. 73291     John K. Byers, Senior Judge**

_____

**No. E2003-00014-CCA-R3-CD**
**October 14, 2003**
_____

The defendant appeals the trial court's denial of judicial diversion contending that the court abused its discretion by not articulating specific reasons on the record for the denial. We agree with the defendant and remand for a new sentencing hearing in order for the trial court to place its reasoning upon the record.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

David L. Hull, Knoxville, Tennessee, for the appellant, Paul Regan, Alias.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Philip H. Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 6, 2001, the Knox County Grand Jury indicted the defendant, Paul Regan, on one count of aggravated assault. The defendant entered a guilty plea on October 1, 2002. The trial court reserved judgment pending completion of the pre-sentence investigation and report. On December 2, 2002, the defendant filed an application for judicial diversion. The defendant's request was denied on December 3, 2002, and he was sentenced to three years in the Tennessee Department of Correction. The sentence was suspended, and the defendant was placed on probation. The defendant now appeals contending that the trial court abused its discretion by failing to articulate on the record its reasons for denying judicial diversion.

**Facts**

On February 12, 2001, the defendant was involved in a dispute with his then wife, Carolyn Reagan.[1] The defendant's sister-in-law, Judy Brooks, was also present. The dispute escalated, and the defendant pushed Ms. Brooks. She received various bruises and scratches, and her ankle was broken. The defendant pleaded guilty to aggravated assault of Ms. Brooks. In the victim impact statement, Ms. Brooks stated that she was unable to work for three months after the assault. She said that she still had pain almost two years later. The pre-sentence report indicates that the defendant denied pushing Ms. Brooks. He stated that she punched him and then hurt herself on a potato chip rack. He said that he agreed to plead guilty on the advice of his attorney.

At the sentencing hearing, the defendant argued that he should receive judicial diversion. Without making specific findings on the record as to why the defendant should not receive judicial diversion, the trial court held that "by the nature of the case . . . judicial diversion would [not] be the best route to take." The defendant now contends that the trial court abused its discretion by not making specific findings on the record, and we agree.

**Analysis**

In reviewing a sentence involving judicial diversion, this Court will overturn the judgment of the trial court only if the trial court has abused its discretion. State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993) overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). If the record contains any substantial evidence to support the refusal to grant judicial diversion, this Court will uphold the judgment of the trial court. Id. (citing State v. Hammersley, 650 S.W.2d 352, 356 (Tenn. 1983)).

The defendant contends that the trial court erred in not placing its reasons for denying judicial diversion on the record. The criteria that the trial court must consider in deciding whether a qualified accused should be granted judicial diversion includes: (a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the status of the accused's physical and mental health, and (f) the deterrence value to the accused, as well as others. See Hammersley, 650 S.W.2d at 354-55.

The trial court is to consider all of the criteria enumerated when determining whether to grant judicial diversion. See State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989). "Such factors must, of course, be clearly articulable and stated in the record in order that meaningful appellate review may be had." Hammersley, 650 S.W.2d at 355. If the court based its determination on only some of the factors, it must explain why these factors outweigh others. State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998). Even if sufficient evidence exists to support the denial of judicial diversion, the trial court must state its reasons for its denial of judicial diversion. State v. Dollie R.

---

[1] The defendant's last name is spelled Regan on the indictment. The victim's last name is spelled Reagan throughout the record.

Lucas, No. M2001-02684-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 157 (Tenn. Crim. App., Feb. 24, 2003, at Nashville). The trial court's statement that "by the nature of the case . . . judicial diversion would [not] be the best route to take," is not sufficient to support the denial.

The State argues in its brief that the defendant's lack of candor supports the trial court's denial of judicial diversion. It points out that although the defendant did plead guilty, he still denied committing the act. The State further argues that the defendant's failure to make any attempt to pay restitution in the previous two years also supported the trial court's decision. It is not clear from the record why the trial court denied judicial diversion. The trial court must make appropriate findings on the record as it is required to do.

### Conclusion

We remand for a new sentencing hearing in order for the trial court to place its reasoning upon the record.

_____
JOHN EVERETT WILLIAMS, JUDGE