IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 10, 2019 Session

**STATE OF TENNESSEE v. NIKKI BODIE PATE**

**Appeal from the Circuit Court for Sequatchie County**
**No. 2017-CR-129        Justin C. Angel, Judge**

_____

**No. M2018-02266-CCA-R3-CD**
_____

The Defendant, Nikki Bodie Pate, pleaded guilty to two counts of custodial interference. Following a sentencing hearing, the trial court granted the Defendant's request for judicial diversion and placed the Defendant on probation for eighteen months. On appeal, the State contends that the trial court erred when it granted the Defendant judicial diversion. After a thorough review of the record and applicable law, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which ROBERT L. HOLLOWAY, JR. and TIMOTHY L. EASTER, JJ., joined.

B. Jeffery Harmon, District Public Defender; Vanessa D. King, Assistant District Public Defender, Jasper, Tennessee, for the Appellee, Nikki Bodie Pate.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; James Michael Taylor, District Attorney General; and Steven H. Strain, Assistant District Attorney General, for the Appellant, State of Tennessee.

**OPINION**

**I. Background and Facts**

In 2017, the Defendant was indicted by a Sequatchie County grand jury for two counts of custodial interference, a Class E felony. In 2018, the Defendant pleaded guilty to the charges with the Defendant's request for judicial diversion to be determined at a

sentencing hearing.

The State recited the following facts as the basis for the acceptance of the Defendant's guilty plea:

If this came to trial, the State would be calling Mr. Stephen Bodie. He would testify that he was previously married to the Defendant, they have two children, [X.B.] and [M.B.]. They are both under the age of 18, at all times relevant to these proceedings.

That in 2017, Mr. Bodie began steps to obtain custody of the children. That various papers were filed in circuit court. That [the Defendant] had actual knowledge of these proceedings. On April the 18th, 2017, the Court . . . granted Mr. Bodie custody. Part of the elements the Court recited was that [the Defendant] had improperly removed the children from Tennessee. Once the custody order was obtained, Mr. Bodie made attempts to find the Defendant and his children. Initial thought was that she had gone to North Carolina, however, she was later apprehended in the State of Colorado, with the minor children. This was the latter part of last year. She was taken into custody by the Colorado authorities. She waived extradition and was transported back to Tennessee. The children were with her at the time. Mr. Bodie now has physical custody of the children and they are back here.

At a sentencing hearing to determine the issue of judicial diversion, the Defendant testified that she was married and living in Colorado at the time of the hearing and had resided there for approximately six months. The Defendant stated that she worked in a nursing home, where she had been employed for two months; previously she worked in a fast food restaurant.

The Defendant testified that she would comply with any requirements imposed by the trial court. She stated that she had not spoken with her children in a year, after raising them for thirteen years. She stated that the absence of contact with her children had been "very hard." The Defendant stated that she only wanted what was best for her children and asked that she be permitted to have contact with them.

On cross-examination, the Defendant agreed that she had not had contact with her children since her arrest in Colorado. The Defendant had taken the children to Colorado, where they lived with her for a year before she was arrested. She agreed that Mr. Bodie was the children's father and stated that he had regular contact with the children while they were in Colorado. She agreed that she had not provided Mr. Bodie with her location and that she had given Mr. Bodie a letter notifying him that she and the children would be

relocating to North Carolina. She did not provide a letter informing him of the move to Colorado because Mr. Bodie was threatening to take her children away from her. The Defendant stated that she was fearful for her children.

The trial court questioned the Defendant about whether she had any feelings of remorse for removing the minor children to another state; she stated that she did not have remorse and felt that she had done what was necessary. She denied that Mr. Bodie had ever threatened or abused her or their minor children. She agreed that a custody order was in place.

At the close of the hearing, the trial court stated:

> The Court has reviewed the factors as to whether or not to grant or deny the request for diversion. The Court does find that, based upon the certification from the Tennessee Bureau of Investigation, that [the Defendant] does qualify for diversion.
>
> This is one of these cases where . . . in my heart, I will absolutely disagree with the law. I will disagree with the actions the Defendant took. . . . .
>
> And I think that, under the classifications, under the factors in this case and everything considered, this is the lowest level of felony that our state has, that I do think the main factor that applies that really had me leaning in this case about whether or not to grant [diversion] is the deterrent [factor] and the best interest of society. We cannot have parents just taking their kids away, three or four states away from other parents for a year or so at a time. That is not what we need in our society.
>
> . . . .
>
> You have no remorse for what you did. Again, I do not like what you did. If I had my druthers, I would render a much different sentence today, but I think the law of the State of Tennessee and the case law actually favors granting you diversion in this case and that's what I'm going to do.

The trial court entered an "Order of Deferral (Judicial Diversion)" granting judicial diversion and placing Defendant on probation for eighteen months. It is from this judgment that the State now appeals.

## II. Analysis

3

The State argues on appeal that the trial court erred when it granted the Defendant's application for judicial diversion pursuant to Tennessee Code Annotated section 40-35-313. The State contends that the trial court neither considered or weighed the common-law factors, found in *State v. Electroplating, Inc*., 990 S.W.2d 211 (Tenn. Crim. App. 1998); *State v. Parker*, 932 S.W.2d 945 (Tenn. Crim. App. 1996), nor did it articulate the reasoning behind its judgment. Thus, the State contends that our standard of review is *de novo* without any deference to the trial court's decision. The State further argues that the record weighs against the granting of judicial diversion. The Defendant contends that the trial court clearly engaged in the process of evaluating the Defendant's request in light of the required factors. The Defendant states that if this court is to conclude that the trial court erred, the case should be remanded for the trial court to clarify its reasoning.

When a defendant is eligible for judicial diversion, a trial court has the discretion to defer proceedings against the defendant without entering a judgment of guilt. T.C.A. § 40-35-313(a)(1)(A) (2019). The statute states that a trial court may grant judicial diversion in appropriate cases. *Id.* Following a grant of judicial diversion, the defendant is on probation but is not considered a convicted felon. *Id.* To be eligible for judicial diversion, a defendant must be a "qualified defendant" as defined in relevant part by the Tennessee Code section governing judicial diversion:

> (B)(i) As used in this subsection (a), "qualified defendant" means a defendant who
>
> > (a) Is found guilty of or pleads guilty or nolo contendere to the offense for which deferral of further proceedings is sought;
> >
> > . . . .
> >
> > (c) Is not seeking deferral of further proceedings for a sexual offense, . . . or a Class A or Class B felony;
> >
> > (d) Has not previously been convicted of a felony or a Class A misdemeanor for which a sentence of confinement is served; and
> >
> > (e) Has not previously been granted judicial diversion under this chapter or pretrial diversion.

T.C.A. § 40-35-313(a)(1)(B)(i). Eligibility does not automatically entitle the defendant to

4

judicial diversion. *State v. Bonestel*, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000).

Once a defendant is deemed eligible for judicial diversion, the trial court must consider several factors when deciding whether to grant judicial diversion. Due to the similarities between pre-trial diversion, which is administered by the district attorney general, and judicial diversion, courts draw heavily from pre-trial diversion law and examine the same factors:

> [A court] should consider the defendant's criminal record, social history, mental and physical condition, attitude, behavior since arrest, emotional stability, current drug usage, past employment, home environment, marital stability, family responsibility, general reputation and amenability to correction, as well as the circumstances of the offense, the deterrent effect of punishment upon other criminal activity, and the likelihood that [judicial] diversion will serve the ends of justice and best interests of both the public and the defendant.

*State v. Cutshaw*, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997).

When the trial court "specifically identifies the relevant factors and places on the record its reasons for granting or denying judicial diversion," this Court will "apply a presumption of reasonableness and uphold the grant or denial so long as there is any substantial evidence to support the trial court's decision." *State v. King*, 432 S.W.3d 316, 327 (Tenn. 2014). Our Supreme Court has stated:

> Although the trial court is not required to recite all of the *Parker* [932 S.W.2d 945 (Tenn. Crim. App. 1996)] and *Electroplating* [990 S.W.2d 211 (Tenn. Crim. App. 1998)] factors when justifying its decision on the record in order to obtain the presumption of reasonableness, the record should reflect that the trial court considered the *Parker* and *Electroplating* factors in rendering its decision and that it identified the specific factors applicable to the case before it. Thereafter, the trial court may proceed to solely address the relevant factors.

*Id.* Failure to consider the common law factors results in loss of the presumption of reasonableness, and this Court is required to conduct a *de novo* review or remand to the trial court for reconsideration. *Id.*

The record in this case does not indicate that the trial court considered the *Parker* and *Electroplating* factors or identified those specifically applicable to this case. Given

5

that the trial court did not address these factors, and did not explain why the factors supporting the granting of diversion outweighed the factors supporting the denial of diversion, we are compelled to reverse the judgment of the trial court and remand the case for the trial court to explain adequately on the record the specific factors it considered and its weighing process of these factors in addressing the request for judicial diversion. We reiterate that the trial court is not required to recite its consideration of each factor relevant generally to judicial diversion but only those it found relevant to this case. *See King*, 432 S.W.3d at 327.

### III. Conclusion

After a thorough review of the record and relevant authorities, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE