FILED

04/06/2026

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 10, 2026 Session

## STATE OF TENNESSEE v. ANTHONY GLOVER

**Appeal from the Circuit Court for Warren County**
**No. 24-CR-4517     Larry B. Stanley, Jr., Judge**

_____

**No. M2025-00820-CCA-R3-CD**

_____

Defendant, Anthony Glover, appeals the denial of his bid for judicial diversion, arguing that the trial court's ruling is not entitled to a presumption of reasonableness and that, upon our de novo review, this court should grant him diversion. Because the trial court failed to consider all the appropriate factors and to make the required findings to support its denial of judicial diversion, the judgment of the trial court is reversed. Because we find that the record is insufficient for de novo review, the case is remanded for a new sentencing hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, P.J., and CAMILLE R. MCMULLEN, J., joined.

Raven Prean-Morris, Assistant Public Defender - Appellate Division (on appeal); and William L. Cathcart, Assistant Public Defender (at trial), for the appellant, Anthony Glover.

Jonathan Skrmetti, Attorney General and Reporter; Julia A. Johnson, Assistant Attorney General; Christopher R. Stanford, District Attorney General; and Felicia B. Walkup, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant's conviction relates to his theft of two handguns and a ring from the victim, Crystalle Stansell.

**Factual and Procedural Background**

The Warren County Grand Jury charged Defendant with one count of theft of property valued at $1,000 or more but less than $2,500, a Class E felony. The case involved the theft of "a Smith & Wesson .45 Colt Revolver, Kel-Tec P-32[,] and a blue topaz ring" sometime between November 24 and December 18, 2023. On December 18, 2024, Defendant pleaded guilty to the charged offense. The parties stipulated that, had the case gone to trial, the evidence would have shown that between the dates alleged in the indictment, Defendant obtained and exercised control over the victim's property without her permission.

The prosecutor stated that the parties had "been back and forth" regarding sentencing because although Defendant "is diversion eligible," the conviction came with a mandatory minimum sentence of 180 days because it involved the theft of a firearm. The State took the position "that the mandatory minimum sentence would preclude diversion." Defendant argued that the mandatory minimum service provision only applied upon conviction and would not be applicable if the trial court granted diversion.

At the April 9, 2025 sentencing hearing, the victim stated that she and her family had welcomed Defendant into their home, that Defendant had acted as a father to her daughter, and that Defendant was aware of the sentimental value of the items he took. She said that one of the firearms taken was a gift for her father and that the blue topaz ring had been gifted to her to pass on to her daughter. She described the thefts as a violation of trust. Both items had been recovered and returned to the victim. Defendant's fiancée testified that Defendant was the sole provider for her and their two-month-old daughter and that a sentence of confinement would cause a severe hardship on the family.

The State again took the position that the minimum service requirement made Defendant ineligible for diversion. Defendant, citing *State v. Dycus*, 456 S.W.3d 918 (Tenn. 2015), argued that minimum service requirements do not impact diversion eligibility because they operate only as part of a sentence and that diversion is not a sentence. The trial court agreed and concluded that Defendant was eligible for judicial diversion. However, the court denied diversion, stating:

> Here's what I'm going to do. In going through all this, I find that the defendant is eligible for diversion based on that case. However, I'm not going to grant the defendant diversion because of the nature of this offense and the fact that he was -- he took advantage of a position of a very strong position of trust with these people.
>
> So while I find that he's eligible, I find that the circumstances surrounding the theft do not -- I'm not going to grant it, even though that is optional.

2

The trial court imposed a sentence of one year to be served as 180 days' confinement with the balance on probation.

## Analysis

On appeal, Defendant contends that the trial court abused its discretion by failing to consider the appropriate factors before denying diversion and that, upon our de novo review, this court should place Defendant on diversion. The State argues that Defendant is not eligible for judicial diversion because the Tennessee Bureau of Investigation ("TBI") certificate of eligibility was not entered into the record. Alternatively, the State asserts that the trial court did not err by denying diversion. Notably, the State does not argue that the minimum service requirement in Code section 39-14-105(d) renders Defendant ineligible for diversion.[1]

We reject the State's argument that the absence of the certificate of eligibility from the record renders Defendant statutorily ineligible for diversion. At the sentencing hearing, the prosecutor stated that Defendant "did submit to TBI and ha[s] received back a diversion check form that he, under normal circumstances, would be eligible" for judicial diversion. Furthermore, Code section 40-35-313 only requires that the TBI certificate be attached to an order granting diversion. Here, the trial court denied diversion. *See* Tenn. Code Ann. § 40-35-313(a)(3)(A). Importantly, "[t]he certificate is not a certification that the defendant is eligible for the deferral and probation." *Id.* § 40-35-313(a)(3)(B).

Turning to the question presented in this case, we consider the issue with a few well-settled principles in mind. To qualify for diversion, a defendant must be found guilty of, or plead guilty or nolo contendere to, an offense that is not "a sexual offense or a Class A or Class B felony" and not have a prior conviction for a felony or Class A misdemeanor. Tenn. Code Ann. § 40-35-313(a)(1)(B)(i)(b), (c). As the trial court acknowledged, Defendant was eligible for judicial diversion. Yet being eligible for judicial diversion does not equal entitlement to diversion as a matter of law. *See State v. Bonestel*, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000)).

When determining whether to grant diversion, the trial court must consider: (1) the accused's amenability to correction, (2) the circumstances of the offense, (3) the accused's criminal record, (4) the accused's social history, (5) the accused's physical and mental health, (6) the deterrence value to the accused as well as others, and (7) whether judicial

---

[1] We agree with the trial court that the minimum confinement requirement did not make Defendant statutorily ineligible for judicial diversion. As our supreme court explained in *Dycus*, "under the plain language of the judicial diversion statute, a grant of judicial diversion precludes the entry of a judgment of guilt, and '[a] sentence may be imposed only after the individual is found to have violated his or her probation'" such that "a defendant who has been granted judicial diversion and placed on a judicial diversion probationary period has not yet been sentenced." *Dycus*, 456 S.W.3d at 926. Because a defendant granted diversion has not been sentenced, minimum service requirements do not come into play. *See id.*

diversion will serve the interests of the public as well as the accused. *See State v. Electroplating*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998) (first citing *State v. Parker*, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996); and then *Bonestel*, 871 S.W.2d at 168). The trial court "must weigh the factors against each other and place an explanation of its ruling on the record." *State v. King*, 432 S.W.3d 316, 323 (Tenn. 2014) (citing *Electroplating*, 990 S.W.2d at 326). The trial court need not specifically recite all the *Parker* and *Electroplating* factors to be granted the presumption of reasonableness, but "the record should reflect that the trial court considered the *Parker* and *Electroplating* factors in rendering its decision and that it identified the specific factors applicable to the case before it. Thereafter, the trial court may proceed to solely address the relevant factors." *Id.*

If the trial court follows these mandates, "the appellate court must apply a presumption of reasonableness and uphold the grant or denial so long as there is any substantial evidence to support the trial court's decision." *King*, 432 S.W.3d at 327 (footnote omitted). "If, however, the trial court fails to consider and weigh the applicable common law factors[,] . . . the appellate courts may either conduct a de novo review or, if more appropriate under the circumstances, remand the issue for reconsideration." *Id.* at 327-28. Such a decision "is within the discretion of the reviewing court." *Id.* at 328.

Here, the trial court failed to consider Defendant's amenability to correction, his criminal record, his social history, his physical and mental health, the deterrence value to the accused as well as others, or whether a grant of diversion would serve the interests of the public and Defendant. Indeed, the trial court did not address any of these factors and instead stated in conclusory fashion that the circumstances of the offense warranted the denial of diversion. "Although a trial court may deny diversion based solely on the nature and circumstances of the offense, the court is required to consider all the *Electroplating* factors and state on the record why the nature and circumstances of the offense outweigh any other factors to be considered." *State v. Mashburn*, No. E2024-01728-CCA-R3-CD, 2025 WL 3111015, at *6 (Tenn. Crim. App. Nov. 6, 2025) (first citing *State v. Nauss, Alias*, No. E2011-00002-CCA-R3-CD, 2012 WL 988139, at *4 (Tenn. Crim. App. Mar. 22, 2012); and then *State v. King*, No. M2001-02026-CCA-R3-CD, 2002 WL 31520648, at *4 (Tenn. Crim. App. Nov. 13, 2002)), *no perm. app. filed*.

Because the trial court failed to consider the common law factors, we do not apply a presumption of reasonableness to the denial of diversion. *See King*, 432 S.W.3d at 328. At this point, we could "either conduct a de novo review or, if more appropriate under the circumstances, remand the issue for reconsideration." *Id.* In our view, the latter resolution is more appropriate in this case given the inadequacy of the record and "the fact-intensive nature of the inquiry." *Id.*

Although the parties stipulated that Defendant's conduct satisfied the statutory elements of the charged offense, the record does not contain a stipulated statement of facts from which this court could glean the circumstances of the offense. Further, the trial court

4

made no findings of fact at the sentencing hearing. *See Mashburn*, 2025 WL 3111015, at *6 (remanding for a new sentencing hearing when trial court failed to make appropriate findings and stated the reason for denial in conclusory fashion). Under these circumstances, de novo review of the issue is not possible, and a remand to the trial court is required.

## Conclusion

Based upon the foregoing, the trial court's denial of judicial diversion is reversed, and the case is remanded for a new sentencing hearing. Upon remand, the trial court shall consider on the record all the *Parker/Electroplating* factors and place in the record findings in support of the decision to either grant or deny diversion.

s/ Matthew J. Wilson
MATTHEW J. WILSON, JUDGE