IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE V. DAVID C. VAZQUEZ**

**Direct Appeal from the Criminal Court for Wilson County**
**No. 98-1776 & 98-1779**

_____

**No. M1999-00211-CCA-R3-CD - Decided April 27, 2000**
_____

The defendant entered pleas of guilty to the crimes of statutory rape and contributing to the delinquency of a minor and was sentenced to community corrections. The issue raised by the defendant on appeal is whether the trial judge improperly denied judicial diversion. We conclude that the trial court erred in denying judicial diversion and in enhancing the sentence above the presumptive sentence. Therefore, we reverse the decision of the trial court and remand the case for disposition in accordance with this opinion.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Criminal Court Reversed**; **Remanded**

ACREE, Special J., delivered the opinion of the court, in which GLENN, J. and RILEY, J. joined.

Phillip L. Davidson, Nashville, Tennessee, for the appellant, David C. Vasquez

Paul G. Summers, Attorney General & Reporter, Lucian D. Geise, Assistant Attorney General, Tom P. Thompson, Jr., District Attorney General, Bobby Hibbitt, Assistant District Attorney General, for the appellee, State of Tennessee

**OPINION**

The defendant was indicted for four counts of statutory rape for crimes occurring between the dates of May 15, 1998 and May 24, 1998. He entered a plea of guilty to one count of statutory rape, a Class E felony, and to one count of contributing to the delinquency of a minor, a Class A misdemeanor. The remaining counts were dismissed. Following the sentencing hearing, the trial court sentenced the defendant to two years on community corrections.

The evidence establishes that the defendant met the victim through a mutual friend. The victim told the defendant she was a sophomore in high school and was 16 years of age. As it developed, the victim was only thirteen. The defendant was a senior in high school and was 18 years old.

Eventually, the defendant and the victim began having sex. On three occasions, the defendant went into the victim's home late at night while the victim's parents were asleep and had

sex with her. On the fourth occasion, the victim slipped into the defendant's home late at night and had sex with him while his mother was asleep. The relationship discontinued, and the victim told her mother about her relations with the defendant. The disclosure led to the arrest of the defendant.

Several witnesses testified at the sentencing hearing. Betsy Jakalski, who prepared the pre-sentence report, testified that the defendant did not have a prior criminal record either as a juvenile or as an adult. He is a student at Middle Tennessee State University and has a part-time job. She believes that the defendant is a responsible young man who is capable of making some type of useful contribution to society. The defendant told her he thought the victim was 16 years of age, and he did not know that he was doing anything legally wrong.

Dr. Lawrence J. Weitz, a clinical psychologist, performed a psychological evaluation of the defendant. Dr. Weitz did not find the defendant to have a disorder which precipitated the problem. He does not think the defendant is a danger to society nor does he think the defendant has a criminal personality. Dr. Weitz believes the defendant is extremely remorseful for what he has done and also believes a criminal conviction will be devastating to him.

One of the defendant's high school teachers testified that the defendant is dependable, respectful, intelligent and naive. She had the defendant as a student in her vocal group for three years.

The defendant testified that he is a business/finance major at Middle Tennessee State University and works weekends at the Circuit City in Franklin. He said he was asked to call the victim by a mutual friend and was told and believed she was 16 years of age. He acknowledges that he made a mistake and is remorseful for what he did.

Another psychological evaluation was performed by Judith Burnett, a clinical psychologist. This evaluation was performed at the request of the Wilson County probation officer and was attached to the pre-sentence report. Dr. Burnett did not testify, but the report was accepted without objection as evidence by the trial court. Dr. Burnett's report was not particularly eventful except that the trial court placed emphasis upon the following statement:

"His victim empathy scale score of 48 fell within the low range and depicts an individual who has a low level of empathy for sex abuse victims."[1]

At the conclusion of the sentencing hearing, the defendant requested the trial court to place him upon judicial diversion. The State took no position. The trial court denied the request. It appears that the basis for the trial court's decision is that he was concerned that the defendant may engage in similar activity in the future. The trial judge said in part:

---

[1]The trial court asked Dr. Weitz's comments upon that statement. However, Dr. Weitz testified that he did not have a comment because those scores are variable.

". . . it's a little late now after the plea is entered to say that he didn't know how old she was. The time to have done that would have been at a trial. So his guilt is apparent to the court, because he said he was guilty, he admitted it.[2] . . . When I looked at the psychologist's report that was attached to the sentencing report, and I saw the empathy for a victim at a low score of 48 that bothered me. You know, this could be all over with, you could walk, and then it would be some other little girl. I am not going to let it happen, not if I've got anything to do with it. A little girl has a right to be protected at that age. The court's going to try and protect them, based on what the Legislature tells me to do. That's the judgment of the court. . ."

As previously stated, the issue presented for review by the defendant is whether the trial court erred in denying judicial diversion under Tenn. Code Ann. §40-35-313. Under this statute, the trial court may in its discretion defer further proceedings and place a qualified defendant on probation without entering a judgment of guilty. Tenn. Code Ann. §40-35-313 (a) (1) (A). A qualifying defendant is a defendant who pleads guilty or is found guilty of a misdemeanor or a Class C, D or E felony; who has not previously been convicted of a felony or a Class A misdemeanor; and who is not seeking deferral for certain sex offenses.[3] Tenn. Code Ann. §40-35-313 (a) (1) (B) (1).

An accused who is eligible for judicial diversion is not entitled to such as a matter of right, and he is not entitled to the presumption created by Tenn. Code Ann. §40-35-102 (6). The trial court has discretion as to whether to grant judicial diversion, and this court will not interfere with the decision if there is any substantial evidence to support the trial court. State v. Bonesteal, 871 S.W.2d 163, 168 (Tenn.Cr.App. 1993).

In determining whether to grant judicial diversion, the trial court must consider the same factors considered by a district attorney general in determining whether to grant pretrial diversion. Those factors include: "the defendant's criminal record, social history, mental and physical condition, attitude, behavior since arrest, emotional stability, current drug usage, past employment, home environment, marital stability, family responsibility, general reputation and amenability to correction, as well as the circumstances of the offense, the deterrent effect of punishment upon other criminal activity, and the likelihood that pretrial diversion will serve the ends of justice and best interests of both the public and the defendant." A trial court should not deny judicial diversion without explaining the specific reasons supporting the denial and why those reasons outweigh other factors for consideration. State v. Cutshaw, 967 S.W.2d 332, 343, 344 (Tenn.Cr.App.1997).

---

[2]The crime of statutory rape (Tenn. Code Ann. §39-13-506) does not require that the defendant know the age of the victim.

[3]Statutory rape is not one of those sexual offenses.

In the case sub judice, the trial court did not address the criteria set forth above. Rather, the trial court denied diversion because he was concerned that the defendant might commit similar acts in the future.

We do not believe that the record supports the trial court's conclusion that the defendant is likely to be a repeat sex offender. The only evidence relied upon by the trial court in reaching this conclusion was a statement made in a psychologist's report that the defendant's victim empathy scale score was in a low range and depicted an individual who had a low level of empathy for sex abuse victims. However, the report by the psychologist also stated:

> "David was able to demonstrate the ability to be empathetic toward others in general circumstances, and, display a level of empathy toward victims of sexual abuse. Generally, sex offenders fail to demonstrate empathy toward others or their victims."

The significance of the victim empathy scale score was questioned by Dr. Weitz, who testified that victim empathy scale scores are variable. We also observe that the psychologist, upon whose report the trial court relied, did not testify and was not able to offer any explanation as to her findings nor was she cross-examined. In summary, we do not think that this evidence is sufficient to support a finding that the defendant is likely to be a repeat offender.

The personal characteristics of the defendant support his request for judicial diversion. He has no prior criminal record either as an adult or as a juvenile. He is presently a student at Middle Tennessee State University and works weekends. There is no evidence in the record of any mental or emotional instability or of any drug usage. The record does not reflect any criminal intent on the part of the defendant. Rather, the record reflects that the defendant committed a criminal act with a willing victim who misrepresented her age.

We conclude that there was not substantial evidence upon which to deny judicial diversion. Moreover, we believe the personal characteristics of the defendant along with the circumstances of the offense indicate that judicial diversion will serve the ends of justice and the best interests of both the public and the defendant.

In conclusion, we hold that the trial court erred in denying judicial diversion. We therefore modify the judgment to grant judicial diversion with supervised probation for a period of two years. This case is remanded to the trial court for disposition in accordance with this opinion.

William B. Acree, Jr., Special Judge
Joe G. Riley, Judge
Alan E. Glenn, Judge