IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 10, 2001

## STATE OF TENNESSEE v. TIFFANY R. WEATHERSPOON

**Direct Appeal from the Circuit Court for Hardin County**
**No. 7888     C. Creed McGinley, Judge**

_____

**No. W2000-00971-CCA-R3-CD - Filed February 7, 2001**

_____

The defendant, Tiffany R. Weatherspoon, pled guilty in the Hardin County Circuit Court to the Class B felony of unlawful possession of over .5 grams of a Schedule II controlled substance, to wit: cocaine, with the intent to manufacture, deliver, or sell. She received the agreed-upon sentence of eight years, as a Range I offender, and a $2,000 fine. The trial court denied alternative sentencing and ordered that the defendant be incarcerated. She appealed, arguing that the court erred in denying alternative sentencing. Based upon our review, we affirm the order of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Guy T. Wilkinson, District Public Defender, and Richard W. DeBerry, Assistant Public Defender, for the appellant, Tiffany R. Weatherspoon.

Paul G. Summers, Attorney General and Reporter; Lucian D. Geise, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Tiffany R. Weatherspoon, entered a plea of guilty in the Hardin County Circuit Court to the Class B felony of possession of a controlled substance with intent to manufacture, deliver, or sell with an agreed sentence of eight years and a fine of $2,000. Following a hearing, the trial court ordered that she serve the sentence as a Range I, standard offender in the Tennessee Department of Correction. The defendant timely appealed the order, presenting the single issue of whether the trial court should have imposed an alternative sentence rather than incarceration. Based upon our review, we affirm the order of the trial court.

The sentencing hearing in this matter was held on April 3, 2000, with no witnesses being presented by either side and the proof consisting of the presentence report. According to that report, which recited information from the affidavit of complaint, a search warrant had been executed at the defendant's residence on July 9, 1999, the officers seizing "29 individually wrapped 'rocks' of crack cocaine," as well as marked money which had been used to purchase crack cocaine from her. Additionally, the report showed a number of prior convictions of the defendant:

| | |
|---|---|
| 5/21/99 | Driving while license suspended / 30 days, 22 suspended, $150 fine and costs |
| 5/21/99 | Driving while license suspended / 30 days, 22 suspended, $150 fine and costs |
| 5/21/99 | Criminal impersonation / 30 days, 22 suspended, $50 fine and costs |
| 9/4/98 | Bad check law / 11-29 suspended to 11-29 probation, $50 fine and costs |
| 9/4/98 | Bad check law / 11-29 suspended to 11-29 probation, $50 fine and costs |
| 4/17/98 | Theft up to $500 / 30 days suspended to 11-29 probation, $50 fine and costs |
| 5/15/97 | Bad check law / fined checks and costs |
| 1/12/96 | Shoplifting / $50 fine and costs |
| 12/8/95 | Theft up to $500 / 30 days suspended to 11-29 probation, $50 fine and costs, banned from Wal-Mart for six months |
| 4/10/95 | Simple Assault / cash bond |

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App.

1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App.), perm. app. denied (Tenn. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993).

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancing factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103 and -210; State v. Scott, 735 S.W.2d 825, 829 (Tenn. Crim. App.), perm. app. denied (Tenn. 1987).

The party challenging the sentences imposed by the trial court has the burden of establishing that the sentences are erroneous. Sentencing Commission Cmts. to Tenn. Code Ann. § 40-35-401; Ashby, 823 S.W.2d at 169. In this case, the defendant has the burden of illustrating the sentence imposed by the trial court was erroneous.

In denying alternative sentencing, the sentencing court explained the reasons for the denial:

> THE COURT: In this case she entered a plea of guilty to possession of a Scheduled [sic] II controlled substance, crack cocaine, over .5 grams. As a matter of fact, there were twenty-nine (29) individual rocks, which is a very substantial amount.
>
> She entered a plea of guilty to eight (8) years, Department of Corrections, as well as a two thousand dollar ($2,000) fine, which is imposed by the Court. She stands before the Court to determine her eligibility for alternative sentencing, if any.
>
> Since she has been convicted of a Class B felony, she is not entitled to a presumption for eligibility for alternative sentencing. Therefore, the Court will simply consider this on the record.
>
> In this case she's got a history of prior misdemeanor convictions; suspended driver's license at two different times, forgery, criminal impersonation, theft, several bad checks, a shoplifting, another theft charge and a simple assault. There's some several in number as far as misdemeanor offenses.
>
> In considering this matter, the Court feels that she is not eligible for alternative sentencing; that her prior record basically is against the Court granting her a suspended sentence. Therefore, it shows a lack of amenability to corrections. She'll be required to serve the sentence in the Department of Corrections.

Anything further in her matter?

MR. DeBERRY: (No response.)
(Whereupon, the Court addressed an unrelated case.
After which, the following proceedings were had.)

MR. DeBERRY: On Ms. Weatherspoon, I anticipate probably appealing the denial of the probation in that case.

THE COURT: That will be fine.

MR. DeBERRY: She's presently on bond for that charge she's here today on the sentencing.

THE COURT: What's she in jail for?

MR. DeBERRY: Another offense.

THE COURT: Drug offense?

MR. OVERTON: Yes, sir, drug related. She's charged with tampering with evidence in swallowing the drug at the time –

THE COURT: If she wants to appeal it, that's fine. Let the record reflect that she is not being held on this charge. She's being held on other charges at the present time and actually those matters were not even before the Court. And I base[] my decision on prior misdemeanor convictions and the fact of a very large quantity of drugs and she is not presumptively eligible, so you can take that up if you wish to.

Because the defendant pled guilty to a Class B felony, she is not presumed to be a suitable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-102(6). The remarks of the sentencing court show that the defendant was denied alternative sentencing, including a suspended sentence, based upon the court's review of her record of prior convictions which shows that she had ten prior misdemeanor convictions, seven of which had resulted in total or partially suspended sentences. It appears that six of the offenses were committed while the defendant was on probation for a previous offense but that none of the probations were revoked, in spite of her subsequent convictions. As explained by the trial court, the defendant was denied alternative sentencing because of these prior misdemeanor convictions, some committed while on probation, as well as the large quantity of drugs seized at the defendant's residence when she was arrested. Thus, the record shows that the sentencing court properly considered the sentencing considerations set out in Tennessee

Code Annotated Section 40-35-103, and we cannot say that it was an abuse of discretion to sentence the defendant to confinement. Accordingly, the order denying alternative sentencing is affirmed.

_____
ALAN E. GLENN, JUDGE