# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### December 17, 2008 Session

## STATE OF TENNESSEE v. DWIGHT WOODLEE

**Appeal from the Circuit Court for Warren County**
**No. F-10399     Larry B. Stanley, Judge**

---

### No. M2008-01301-CCA-R3-CD - Filed June 10, 2009

---

The defendant, Dwight Woodlee,[1] appeals as of right his guilty plea convictions for vandalism and civil rights intimidation, both Class D felonies, for which the trial court imposed concurrent four-year sentences to be served on probation. He contends that the trial court erred in denying his application for judicial diversion. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

David H. Veile and Jack D. Lowery, Lebanon, Tennessee, attorneys for appellant, Dwight Woodlee.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Lisa Zavagiannis, District Attorney General; and Mark E. Tribble, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

### OPINION

The record reflects that the defendant was indicted for two counts of vandalism of separate station-houses of the Collins River Volunteer Fire Department and one count of civil rights intimidation, all Class D felonies. The offenses arose from the March 2005 late-night shooting of his former place of employment, from which he had been ousted recently as fire chief. On May 6, 2008, the defendant pled guilty to one count of vandalism and one count of civil rights intimidation with an agreed sentence of four years for each count to be served concurrently on probation. Also on May 6, the trial court took the defendant's application for judicial diversion under advisement and denied diversion by written order on May 12, 2008.

---

[1] The defendant's pleadings reflect the spelling of his name as Dewite Woodlee. However, the indictment, orders of the trial court, and judgments reflect the spelling as Dwight Woodlee. For purposes of this opinion, we adhere to the spelling as listed in the indictment.

On appeal the defendant contends that the trial court erred in denying him judicial diversion by failing to consider and weigh appropriately the required factors and by considering evidence that was not part of the record. The State asserts that the trial court's denial of judicial diversion was appropriate. Based upon our review of the record, arguments of counsel, and applicable authority, we conclude that the record supports the trial court's denial of judicial diversion.

ANALYSIS

Pursuant to Tennessee Code Annotated section 40-35-313(a)(1)(B), a defendant is eligible for judicial diversion when convicted of a Class C, D or E felony and has not been previously convicted of a felony or a Class A misdemeanor. The decision to grant judicial diversion lies within the discretion of the trial court and will not be disturbed on appeal unless it is shown that the trial court abused its discretion. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). A denial of judicial diversion will not be overturned if the record contains any substantial evidence to support the trial court's action. Id.

When making a determination regarding judicial diversion, the trial court must consider the following factors: (1) the defendant's amenability to correction, (2) the circumstances of the offense, (3) the defendant's criminal record, (4) the defendant's social history, (5) the defendant's mental and physical health and (6) the deterrent effect of the sentencing decision to both the defendant and other similarly situated defendants. State v. Lewis, 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997). The decision should be based on whether the grant of diversion will serve the ends of justice for both the public and the defendant. Id. The record must reflect that the trial court considered and weighed all these factors in arriving at its decision. State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998). Furthermore, "[t]he court must explain on the record why the defendant does not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others." Id. (citing State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993)).

At the May 6, 2008, guilty plea submission hearing, the trial court accepted the defendant's guilty pleas and sentenced the defendant to the agreed sentence of concurrent four year sentences on probation. Following the imposition of sentence, the trial court asked if the defendant wanted "to say anything about judicial diversion." The defendant argued that he had been with the volunteer fire department for thirty-seven years; after his ouster as chief, he began drinking heavily and was drinking on the day of the offenses. The defendant had since completed treatment for alcohol abuse. In support of his request for judicial diversion, the defendant argued that he was a life-long resident of the area with no prior record and that this was an isolated incident.

The trial court took the matter under advisement, judgments were entered on May 6, and the trial court denied diversion six days later on May 12. In its order denying diversion, the trial court found "troublesome" that the intoxicated defendant went to his former place of employment with a loaded firearm in retaliation for his ouster as fire chief. The trial court found the defendant's

actions to be "extremely reckless." Regarding the deterrent effect of the trial court's sentencing decision, the court noted that:

> this act appears to be an act of retribution for the lawful vote taken regarding the Defendant and his position at the fire hall. Anyone who engages in the civil process of law, whether it be a vote to elect a fire chief or President of the United States, should feel safe to vote one's conscience and participate in the administration of government. There should be a severe deterrent to the Defendant's actions and others who might desire to make such violent demonstrations in the future.

The trial court found that the use of a weapon while under the influence of alcohol was unacceptable. In arriving at its determination regarding the suitability of judicial diversion, the trial court noted that after considering the principles announced in Electroplating, it found that these considerations outweighed the defendant's arguments for judicial diversion and denied judicial diversion.

Initially, we note that the trial court should not have entered the judgments of conviction on May 6 pending its consideration of the defendant's application for judicial diversion. Pursuant to Tennessee Code Annotated section 40-35-313(a)(1)(A) (emphasis added), the trial court "may *defer further proceedings* against a qualified defendant and place the defendant on probation upon such reasonable conditions as it may require *without entering a judgment of guilty* and with the consent of the qualified defendant." However, it is apparent from the record that all of the parties contemplated the consideration of judicial diversion by the trial court following the entry of the defendant's guilty pleas. We conclude that there is substantial evidence to support the trial court's denial of diversion in this case based upon the circumstances of the offense, the need for deterrence, and whether judicial diversion would serve the interests of the public.

### CONCLUSION

We conclude that there is substantial evidence to support the trial court's denial of judicial diversion. Therefore, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE