IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY 1998 SESSION

FILED

October 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

|  |  |
|---|---|
| STATE OF TENNESSEE, | ) |
|  | ) |
|  | ) C.C.A. No.  02C01-9708-CC-00296 |
| Appellee, | ) |
|  | ) Henry County |
| V. | ) |
|  | ) Honorable Julian P. Guinn, Judge |
|  | ) |
| SARA LEIGHANE WISDOM, | ) (Aggravated Burglary; Theft over |
|  | )    $1,000) |
| Appellant. | ) |

## CONCURRING AND DISSENTING OPINION

I both concur and dissent from my learned colleagues' opinion.  I would affirm the convictions but modify the appellant's sentence.

The trial judge partially based his decision to deny probation on the ground that the appellant exhibited an arrogant attitude and would "tell anything any way which seem[ed] to best benefit her at the moment."  The court is referring to the confusion regarding the appellant's theft conviction in Benton County, which she contends had been expunged.  While on the witness stand, she denied having a criminal record when the prosecutor questioned her about that conviction.  The trial judge became irritated when the appellant denied having the conviction.  The appellant and her attorney argued that the conviction had been expunged, but the district attorney and the trial court noted that nothing in the record indicated that the conviction had <u>actually</u> been expunged.

From my review of the record, I can understand the appellant's obvious confusion, considering that even the attorneys and the court were apparently confused as well.   In her testimony before the court, the appellant does not appear to be intentionally lying to the court. The record indicates that she was

confused, as were those around her, as to whether or not she was required to acknowledge the charge if it had been expunged.

The court also based its decision to deny full probation on the deterrent effect, as well as the need to avoid depreciating the seriousness of the crimes. The record must contain some evidence that the sentence imposed will have a deterrent effect within the jurisdiction before a trial court can deny alternative sentencing based on this ground. State v. Bonestel, 871 S.W.2d 163, 169 (Tenn. Crim. App. 1993). Furthermore, conclusory statements are insufficient, and only when there is proof of the deterrent effect within the jurisdiction will denial be upheld. State v. Ashby, 823 S.W.2d 166, 170 (Tenn. 1991).

I agree with the trial court that the theft of guns is a serious offense and that confinement would provide some deterrent effect. Also, I agree that some period of confinement is necessary to avoid depreciating the seriousness of the offense. What the appellant and her codefendants did was clearly wrong. However, according to the presentence report, the appellant's codefendants, Steven Wisdom, and his friend, Glenn Axley, received 250 days of continuous confinement with the balance of their sentences to be served on Community Corrections. I cannot reconcile how the appellant should receive the fines imposed by the jury, the restitution imposed by the court, and greater time in jail than her codefendants who were the principals in the crimes, who admitted that they planned the crime, and who benefitted from the crimes as much or more so than she did. She was the one who voluntarily went to the authorities in Benton County, confessed to her involvement, implicated her codefendants, and worked with law enforcement authorities to recover as many of Mr. Futrell's guns as possible. One of the witnesses testified that the appellant was very helpful in getting Mr. Futrell's guns returned. To punish more severely someone who confessed and who tried to correct her wrongs by helping the police would likely

deter others in our society from coming forward, admitting their wrongs, and working with authorities to correct their misdeeds.

Accordingly, I conclude that in the best interest of the public and the appellant, the appellant's sentence should be modified.  I would order that she serve 180 days in the county jail for her aggravated burglary conviction and 180 days in the county jail for her theft conviction, with the balances of her original sentences of three years and two years, respectively, to be served on Community Corrections.  I would order these sentences to run concurrently with each other for a total effective sentence of 180 days in the local jail, with the balance of her sentences to be served on Community Corrections.

In all other respects, I would affirm her convictions and concur with the results of my colleagues.

_____
PAUL G. SUMMERS, Judge