# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY 1998 SESSION

FILED

March 5, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9704-CC-00153** |
| Appellee, | ) | |
| | ) | **WILLIAMSON COUNTY** |
| VS. | ) | |
| | ) | **HON. DONALD P. HARRIS,** |
| **WILLIAM LEE TAYLOR,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**JOHN HENDERSON**
Public Defender

**C. DIANE CROSIER**
Asst. Public Defender

**EUGENE J. HONEA**
Asst. Public Defender
407-C Main St.
P. O. Box 68
Franklin, TN 37065

**JOHN KNOX WALKUP**
Attorney General & Reporter

**RUTH A. THOMPSON**
Counsel for the State
450 James Robertson Pkwy.
Nashville, TN 37243-0493

**JOSEPH D. BAUGH**
District Attorney General

**JEFF BURKS**
Asst. District Attorney General
P. O. Box 937
Franklin, TN 37065

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

## O P I N I O N

In September 1996, the defendant pled guilty to possession of marijuana for resale and agreed to be sentenced as a Range II multiple offender. A sentencing hearing was held to determine the length and manner of his sentence. After the hearing, the trial judge sentenced the defendant to three years in the Tennessee Department of Correction. In this appeal as of right, the defendant argues that the trial judge erred when he refused to suspend the sentence and place the defendant on probation. After a review of the record and applicable law, we find no error and affirm the judgment of the court below.

At his sentencing hearing, the defendant testified that he had been convicted of several felonies and that he had been previously placed on probation. He further testified that he had violated his probation when he failed to meet the requirements of the treatment facility where he was receiving counseling for substance abuse. He told the court that he had been treated for substance abuse and depression at three different facilities. The defendant also admitted that he had been arrested while on bond in the instant case and was presently awaiting trial in Coffee County.[1]

The defendant, who was twenty-four years old at the time of sentencing, is married and has two children. He testified that his mother has custody of his first child because the child's mother died shortly after childbirth. However, he said that he helps support that child and that he is the primary source of income for his wife and second child. At the time, he had been employed at Tennessee Propellers, Inc., for approximately six months. The defendant also testified that he has been attending Motlow State Community College in Tullahoma. He said he planned to get an associate's

---

[1]The defendant was ultimately acquitted of the theft of property charge.

degree and then transfer to Middle Tennessee State University.

The defendant told the court that he had not used drugs since his arrest and that being married had changed him. He testified that he realized he could not continue the course his life had taken and that he had to take responsibility for his actions.

After hearing this testimony, the trial court sentenced the defendant to three years in the Tennessee Department of Correction and ordered him to pay a two thousand dollar ($2000) fine. The trial judge pointed out that as a Range II multiple offender, the defendant was not entitled to the presumption of suitability for an alternative sentence. The court found two enhancing factors: that the defendant has a previous history of criminal convictions in addition to those necessary to establish the appropriate range and that the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. T.C.A. § 40-35-114(1) & (8). As mitigating factors, the judge considered the fact that the defendant's conduct neither caused nor threatened serious bodily injury and that the defendant had taken some responsibility for his conduct. T.C.A. § 40-35-113(1) & (13).

The trial judge then stated that having considered the appropriate sentencing considerations, including that measures less restrictive than confinement have been frequently or recently applied unsuccessfully, he had determined that the defendant was not suitable for probation. The judge stated that the although the defendant had been previously placed on probation and in treatment, he still "saw fit to go out and make his living selling drugs in the community."

The defendant now appeals the trial court's determination and urges this

court to suspend his three year sentence and place him on probation. When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

Tennessee Code Annotated § 40-35-103 sets out sentencing considerations which are guidelines for determining whether or not a defendant should be incarcerated. These include the need "to protect society by restraining a defendant who has a long history of criminal conduct," the need "to avoid depreciating the seriousness of the offense," the determination that "confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or the determination that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1).

In determining the specific sentence and the possible combination of sentencing alternatives, the court shall consider the following: (1) any evidence from the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and the arguments concerning sentencing alternatives, (4) the nature and characteristics of the offense, (5) information offered by the State or the defendant concerning enhancing and mitigating factors as found in T.C.A. §§ 40-35-113 and -114, and (6) the defendant's statements in his or her own behalf concerning sentencing. T.C.A. § 40-35-210(b). In addition, the legislature established certain sentencing principles which include the following:

> (5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons

4

> committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration; and
>
> (6) A defendant who does not fall within the parameters of subdivision (5) and is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

T.C.A. § 40-35-102.

After reviewing the statutes set out above, it is obvious that the intent of the legislature is to encourage alternatives to incarceration in cases where defendants are sentenced as standard or mitigated offenders convicted of C, D, or E felonies. However, it is also clear that there is an intent to incarcerate those defendants whose criminal histories indicate a clear disregard for the laws and morals of society and a failure of past efforts to rehabilitate.

The defendant complains that the court should not have denied his request for probation. In determining whether the defendant should be granted probation, the court must consider the defendant's criminal record, social history, present physical and mental condition, the circumstances of the offenses, the deterrent effect upon the criminal activity of the accused as well as others, and the defendant's potential for rehabilitation or treatment. State v. Bonestel, 871 S.W.2d 163, 169 (Tenn. Crim. App. 1993). In this case, the defendant had a significant criminal history. During the period of December 6, 1990, to January 31,1991, the defendant was arrested six times. He was ultimately convicted of two counts of burglary, two counts of aggravated burglary, and two counts of forgery up to one thousand dollars ($1000). According to the presentence report, the defendant was placed on probation and was ordered to enter a treatment facility as a condition of his probation. His probation was revoked however, on September 9, 1991,

when the defendant failed to comply with the facility's requirements. The defendant then began serving his original sentence of three years. He was released on January 30, 1992, and placed on parole. His sentences expired on March 24, 1994. He was arrested for the instant offense on April 9, 1996. This type of history clearly supports the trial court's application of the enhancement factors as well as the sentencing consideration that measures less restrictive than confinement have been frequently or recently applied unsuccessfully to this defendant.

The defendant argues that the trial judge incorrectly concluded that the defendant made his living selling drugs and that the judge did not take into consideration the defendant's potential for rehabilitation. We agree that the record does not support the trial judge's assertion that the defendant makes a living selling illegal drugs. The record reflected that this is the defendant's first drug-related offense and that he is otherwise employed. However, it is clear that the trial judge did not sentence the defendant based on this one statement. The trial judge had ample support for his decision to deny probation. As for the defendant's ability to be rehabilitated, we commend his efforts to go to school, maintain employment, and support his family. However, we are not convinced and nor was the trial court that the defendant is serious about rehabilitation. Once before he was given the opportunity for rehabilitation and he proved unsuccessful. Even after having been incarcerated, he continued his substance abuse and his criminal behavior. Because of his prior criminal record and his previous inability to cooperate with probation requirements, we find that the trial court did not err in denying the defendant's request for probation. The judgment of the court below is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
JERRY L. SMITH, Judge


_____
THOMAS T. WOODALL, Judge