# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs April 25, 2012

## STATE OF TENNESSEE v. NICOLE STARCHER

**Appeal from the Criminal Court for Knox County**
**Nos. 94331, 94583      Bob R. McGee, Judge**

---

### No. E2011-02078-CCA-R3-CD - Filed August 2, 2012

---

The Defendant, Nicole Starcher, pled guilty to one count of theft of property valued at $1,000 or more but less than $10,000, a Class D felony, and three counts of passing a worthless check, a Class A misdemeanor. <u>See</u> Tenn. Code Ann. §§ 39-14-103, -105, -121. Following a sentencing hearing, at which the trial court denied judicial diversion, the Defendant was sentenced to three years enhanced probation. In this appeal as of right, the Defendant contends that the trial court erred in denying her application for judicial diversion. Because the trial court failed to adequately state upon the record the basis for its denial of the Defendant's application for judicial diversion, we vacate the Defendant's sentences and remand this matter for a new sentencing hearing and correction of the judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed
and Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Mark E. Stephens, District Public Defender; and Robert C. Edwards, Assistant Public Defender, for the appellant, Nicole Starcher.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and C. Leon Franks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On April 13, 2010, the Defendant was indicted for three counts of passing worthless checks at a Food City grocery store. On April 28, 2010, the Defendant was indicted for theft of property valued at $1,000 or more but less than $10,000 from a SunTrust bank. The

Defendant entered into a plea agreement with the State on April 1, 2011, in which she agreed to plead guilty to the theft charge and all three counts of passing worthless checks[1] in exchange for a three-year sentence. The plea agreement stated that the Defendant would "apply for probation and diversion."

At the guilty plea submission hearing, the State presented the following factual basis for the theft charge: Beginning around November 16, 2008 and continuing until December 2008, the Defendant deposited checks from a closed bank account into her SunTrust account. The Defendant would then withdraw cash from her SunTrust account before "those checks were returned as insufficient funds." The Defendant did this repeatedly and received $5,277.59 from SunTrust. With respect to the passing worthless checks charges, the State alleged that on three occasions in January 2009, the Defendant paid for merchandise totaling $318.86 at a Food City grocery store with checks from her SunTrust account when the account had insufficient funds for payment.

On September 13, 2011, the trial court held a sentencing hearing on this matter. At the hearing, defense counsel admitted that the Defendant "had tested positive for opiates on a couple of occasions" while her sentencing was pending. The State reminded the trial court that the Defendant had been "an hour and a half late" for one court appearance and that she had tested "positive for oxycontin and benzodiazepine" at a previous attempt to conduct the sentencing hearing. The trial court sentenced the Defendant to an effective three-year sentence to be served on enhanced probation.

After the trial court imposed its sentence on the Defendant, the following exchange occurred:

> [Defense counsel]: Judge, I don't want to forget something that has kind of gone by the boards and it's not real smart for me to mention it in the context of our disagreements over probation and my efforts to get her in the probation program, [the Defendant] was and is eligible for diversion in this case. Perhaps everyone is going to be uncomfortable with that suggestion. I was going to ask the Court to consider letting her - - see how she can perform in [a

---

[1]The judgment forms reflect that two of the passing worthless checks charges were dismissed. However, the transcript of the guilty plea submission hearing reflects that the Defendant pled guilty to all three counts of passing worthless checks. Generally, when there is a conflict between the judgment of conviction and the transcript of the proceedings, the transcript controls. State v. Clark, 67 S.W.3d 73, 79 (Tenn. Crim. App. 2001). There is no reason to believe that the judgments reflect anything other than a clerical error; therefore, we will rely on the convictions as found in the plea agreement and the transcript of the plea submission hearing. On remand, the trial court should correct the judgments to reflect the proper convictions.

rehabilitation program] and if we can make an impressive record there ask the Court to consider the possibility of placing her on diversion at a later time.

I don't know how that fits, frankly, procedurally I can see it as problematic, but [the Defendant] when I met her was in a position to keep her record clear. And it's been the opiate abuse that has kept her from making a good impression on the Court and the probation officers.

I think if she licks that problem it's going to be extremely helpful for her future if she has a chance to keep her record clear in the end.

[Trial court]: Well, just procedurally, first of all, I would have to set aside the judgment I just entered.

[Defense counsel]: I think that's probably true.

[Trial court]: And I can't do that after [thirty] days goes [sic] by. And at this point right now with her testing positive, having to be kept in custody, being a chronic drug user, and having multiple convictions, this Court would not be inclined to place her on diversion.

After hearing the State's position, the trial court reiterated its conclusion, stating as follows:

Even though she may be legally eligible, the circumstances of her conduct during this entire process of entering her pleas and applying for probation, her continued use of drugs, and her multiple offenses, in this Court's view would not indicate that she's a proper candidate. She may be a legal candidate, but not a suitable as the General said - - a suitable candidate for diversion. And the Court would deny diversion.

## ANALYSIS

The Defendant contends that the trial court erred by denying her application for judicial diversion. The Defendant argues that the trial court failed to consider all of the required factors in making its decision and that the trial court's "statement of the reasons for denial is vague and conclusory." The State responds that the Defendant failed to establish that she was statutorily eligible for judicial diversion because there is no certificate of eligibility in the appellate record. The State also responds that the trial court "implicitly considered" all of the required factors in denying the Defendant's application for judicial diversion.

We begin our analysis by noting that the State is correct that no order for judicial diversion may be entered unless "a certificate from the Tennessee bureau of investigation stating that the defendant does not have a prior felony or Class A misdemeanor conviction" is attached. Tenn. Code Ann. § 40-35-313(a)(3)(A). While there is no application for judicial diversion or certificate of eligibility in the appellate record, the transcript of the plea submission hearing reveals that at the hearing defense counsel presented the trial court with a certificate of eligibility for judicial diversion. Accordingly, we conclude that the State's contention is without merit.

The decision to grant judicial diversion lies within the discretion of the trial court and will not be disturbed on appeal unless it is shown that the trial court abused its discretion. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). A denial of judicial diversion will not be overturned if the record contains any substantial evidence to support the trial court's action. Id. When making a determination regarding judicial diversion, the trial court must consider the following factors: (1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's mental and physical health; and (6) the deterrent effect of the sentencing decision to both the defendant and other similarly situated defendants. State v. Lewis, 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997). The decision should be based on whether the grant of diversion will serve the ends of justice for both the public and the defendant. Lewis, 978 S.W.2d at 566. The record must reflect that the trial court considered and weighed all these factors in arriving at its decision. State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998). Additionally, "[t]he court must explain on the record why the defendant does not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others." Id. (citing State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993)).

Here, the trial court failed to examine all of the required factors, failed to explain on the record why the Defendant did not qualify under its analysis, and failed to explain why some factors outweighed others. The trial court did not consider the Defendant's application for judicial diversion until it had already imposed its sentence. The trial court based its decision solely upon "the circumstances of [the Defendant's] conduct during this entire process of entering her pleas and applying for probation, her continued use of drugs, and her multiple offenses." The trial court's analysis failed to address the Defendant's criminal record, the circumstances of the offense, any of her social history or physical and mental health beyond her drug abuse, and the deterrence value of the decision. Furthermore, the trial court failed to explain why the factors it did cite outweighed the other factors.

"Where a trial court fails to consider all of the appropriate factors and its statement of the reasons for denial is vague and conclusory, this [c]ourt will remand the matter for the

trial court's consideration." <u>State v. Albert Fitzgerald Turner</u>, No. W2004-01853-CCA-R3-CD, 2005 WL 1812287, *4 (Tenn. Crim. App. Aug. 1, 2005) (citing <u>Lewis</u>, 978 S.W.2d at 567). This remedy is particularly appropriate in cases where the record before this court does not contain all of the relevant information. <u>Id.</u> Here the record does not contain the judicial diversion application or the certificate of eligibility. Accordingly, we reverse and vacate the Defendant's sentence and remand this matter to the trial court for a new sentencing hearing to review the Defendant's application for judicial diversion. The trial court should place on the record its analysis of all of the required factors and the reasons underlying its decision.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgments of the trial court are reversed. The Defendant's case is remanded for a new sentencing hearing and for the purpose of entering corrected judgments, as provided for in this opinion.

_____
D. KELLY THOMAS, JR., JUDGE