IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 7, 2025

**STATE OF TENNESSEE v. KEELAN WASHINGTON**

**Appeal from the Criminal Court for Shelby County**
**Nos. C2303125, C2304659      Carolyn W. Blackett, Judge**

_____

**No. W2025-00032-CCA-R3-CD**

_____

Defendant, Keelan Washington, appeals the trial court's denial of his petition for judicial diversion. Defendant asserts that the trial court abused its discretion by failing to set forth its reasons for denying diversion and by failing to comply with the purposes and principles of the Sentencing Act. After a review of the record, we reverse the judgments of the trial court and remand for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, P.J., and JOHN W. CAMPBELL, SR., J., joined.

Phyllis Aluko, District Public Defender; Harry E. Sayle III, Assistant District Public Defender, Memphis, Tennessee, for the appellant, Keelan Washington.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Fredericka Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant pleaded guilty to one count of theft of property in an amount of $10,000 or more but less than $60,000, a Class C felony, intentionally evading arrest in a motor vehicle, and possession of a prohibited weapon in exchange for an effective four-year sentence.[1] Pursuant to the plea agreement, the trial court would determine the manner of service, including judicial diversion consideration, following a sentencing hearing.

_____

[1] The record contains a three-count indictment in case number 23-03125, charging Defendant with felony theft, evading arrest in a motor vehicle, and evading arrest. There is a plea agreement in case

The prosecutor gave a summary of the facts underlying Defendant's guilty pleas. On January 25, 2023, Carliss Hollis reported that her 2022 Ford Explorer had been stolen from Hope Church in Shelby County. Surveillance video showed a black Nissan Maxima park beside the victim's Explorer, and a person get out of the Maxima and enter the Explorer through the unlocked driver's door. Law enforcement attempted to stop the stolen Explorer later that day, and the driver, who was later identified as Defendant, refused to stop and crashed at an intersection.

On August 2, 2024, Memphis Police Department patrol officers saw a white Infiniti traveling eastbound on Winchester at a high rate of speed. Officers stopped the vehicle, which was being driven by Defendant. Upon searching the vehicle, Officers located four weapons inside the vehicle, including a loaded nine-millimeter handgun that had a "Glock switch," converting it to an automatic weapon. Defendant waived his *Miranda* rights and admitted to officers that this weapon was within his immediate reach inside the car.

The trial court accepted Defendant's guilty pleas and conducted a hearing on Defendant's petition for judicial diversion immediately thereafter.[2] Defendant testified that he was twenty years old, that he graduated high school, that he lived with his mother, and that he had never been employed. Defendant said it was "hard [finding a job] because of the charges" he had. Defendant received disability income for a learning disability. Defendant began participating in Memphis Allies, where he was assigned a mentor. Defendant said, "they talk[] to me and they keep me out of trouble." Defendant was prescribed medications, but he stopped taking them because "it made [him] feel weird."

Regarding the January 2023 offenses, Defendant testified that he was a passenger in the stolen car and that he did not know the car had been stolen. Regarding the August 2024 offense, Defendant said he knew there were guns in the car but that the gun with the switch on it was not his. Defendant acknowledged that he was on bond and had already begun Memphis Allies when he got the weapon charge. Defendant testified that he would follow whatever conditions of probation the court imposed.

---

numbers "C2405181-W2400680; C2304659-23 03125," which indicates that Defendant pleaded guilty to felony theft, evading arrest, and possession of a prohibited weapon. Judgments were entered in case numbers "23 03125; C2304659" reflecting Defendant's guilty pleas to the felony theft offense and evading arrest in a motor vehicle and a nolle prosequi of the evading arrest charge. The prosecutor explained at the plea hearing that Defendant waived presentment to a grand jury in case number W2400680, in which he was charged with and pleaded guilty to possession of a prohibited weapon; however, the record does not contain a judgment of conviction for that offense.

[2] The transcript indicates that a presentence report was prepared, but it was not made an exhibit to the hearing and is not contained in the record before us.

Dr. Fredrick Tappan explained that Defendant had been participating in Memphis Allies for "about a year." The program was called "switch" because it worked to "switch [participants'] way of thinking and their way of acting." It consisted of talking to a life coach daily and meeting with a behavioral health counselor and case manager once or twice a week. Dr. Tappan confirmed that Defendant had been unable to obtain employment because of his criminal charges but explained that Defendant was going to take part in an "All-Star" program that would allow him to be certified and get a job as a forklift operator.

At the conclusion of the hearing, the trial court stated, "The Court does not feel like you are a good candidate, at all, for diversion," and the court ordered that Defendant be placed on intensive probation for four years. The trial court ordered the terms of Defendant's probation include that he take any medications as prescribed, submit to drug testing, obtain employment, and have a curfew. The trial court found, "As far as I am concerned there's too many cars being stolen."

*Analysis*

On appeal, Defendant contends the trial court abused its discretion by denying his petition for judicial diversion and imposing a sentence of probation. Defendant argues the trial court failed to adequately state its reasons for denying diversion. The State counters that the trial court acted within its discretion in denying diversion and that even if the court's findings were inadequate, the record is sufficient for this Court to conduct a de novo review and affirm the denial of diversion.

A trial court may grant a defendant's request for judicial diversion and "defer further proceedings against a qualified defendant and place the defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty." T.C.A. § 40-35-313(a)(1)(A). A defendant is eligible for judicial diversion if he or she is found guilty of or pleads guilty or nolo contendere to a Class C, D, or E felony or a lesser crime, has not previously been convicted of a felony or a Class A misdemeanor, and is not seeking deferral for a sexual offense. T.C.A. § 40-35-313(a)(1)(B)(i).

Judicial diversion allows the trial court to defer further proceedings without entering a judgment of guilt and to place the defendant on probation under reasonable conditions. T.C.A. § 40-35-313(a)(1)(A). When the probationary period expires, if the defendant has completed probation successfully, the trial court will dismiss the proceedings against the defendant with no adjudication of guilt. *See* T.C.A. § 40-35-313(a)(2). The defendant may then apply to have all records of the proceedings expunged from the official records. *See* T.C.A. § 40-35-313(b). A person granted judicial diversion is not convicted of an offense because a judgment of guilt is never entered. *See* T.C.A. § 40-35-313(a)(1)(A).

The decision of whether to place a criminal defendant on judicial diversion is within the sound discretion of the trial court and that decision will not be reversed on appeal if there is any substantial record evidence to support it. *State v. Bonestel*, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9 (Tenn. 2000).

In determining whether to grant diversion, the trial court must consider the following factors: (a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the accused's physical and mental health, (f) the deterrence value to the accused as well as others, and (g) whether judicial diversion will serve the interests of the public as well as the accused. *State v. Electroplating, Inc.*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998); *State v. Parker*, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).

The trial court "must weigh the factors against each other and place an explanation of its ruling on the record." *State v. King*, 432 S.W.3d 316, 326 (citing *Electroplating*, 990 S.W.2d at 326). The trial court need not specifically recite all the *Parker* and *Electroplating* factors to be granted the presumption of reasonableness, but "the record should reflect that the trial court considered the *Parker* and *Electroplating* factors in rendering its decision and that it identified the specific factors applicable to the case before it. Thereafter, the trial court may proceed to solely address the relevant factors." *Id.* at 327.

If the trial court follows these mandates, "the appellate court must apply a presumption of reasonableness and uphold the grant or denial so long as there is any substantial evidence to support the trial court's decision." *Id.* (footnote omitted). "If, however, the trial court fails to consider and weigh the applicable common law factors[,] . . . the appellate courts may either conduct a de novo review or, if more appropriate under the circumstances, remand the issue for reconsideration." *Id.* at 327-28. Such a decision "is within the discretion of the reviewing court." *Id.* at 328.

The State characterizes the trial court's findings as to its denial of judicial diversion as "brief," but the State asserts the trial court acted within its discretion in determining that Defendant was not a good candidate for judicial diversion. We conclude that the trial court's findings are nonexistent. The record shows that the court did not identify or note its consideration of any of the relevant factors, stating only that Defendant was not "a good candidate" and that "there's too many cars being stolen."

Where a trial court fails to consider all of the appropriate factors and its statement of the reasons for denial is vague and conclusory, this Court will remand the matter for the trial court's reconsideration. *See, e.g., State v. Lewis*, 978 S.W.2d 558, 567 (Tenn. Crim.

App. 1997) (concluding that remand was required because the trial court failed to make specific findings as to the defendant's amenability to correction and the deterrence value of denying judicial diversion, it stated minimal findings as to whether diversion would serve the ends of justice, and the record was inadequate for appropriate appellate review); *State v. Turner*, 2005 WL 1812287, No. W2004-01853-CCA-R3-CD, at \*4 (Tenn. Crim. App. Aug. 1, 2005) (holding that the trial court's failure to consider all the required factors on the record necessitated a remand for additional findings, especially where the record does not contain all the relevant information for this Court to determine whether diversion is appropriate).

Here, the trial court did not consider or weigh any of the relevant factors. Accordingly, this matter is remanded to the trial court for consideration of Defendant's request for judicial diversion and all the factors it is required to consider in determining whether to grant or deny such request.

Finally, we notice the record on appeal does not contain a Tennessee Bureau of Investigation ("TBI") certificate which is required for qualifying a defendant seeking judicial diversion. T.C.A. § 40-35-313(a)(3)(a). On remand, Defendant must first demonstrate his eligibility for diversion with the proper T.B.I. certificate. Without such certification, "further determinations by the trial court on the issue of granting or denying judicial diversion is pointless*." State v. Baysinger*, No. E2018-02295-CCA-R3-CD, 2019 WL 7049684, at \*6 (Tenn. Crim. App. Dec. 23, 2019) (internal quotations, alteration and citations omitted)

If T.B.I. qualification is satisfied, the trial court must specifically state on the record its analysis of all the required factors and the reasons supporting its decision. If the trial court denies judicial diversion after a hearing on remand, the trial court should enter a judgment form reflecting Defendant's guilty plea and sentence on the charge of possession of a prohibited weapon.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are reversed and remanded for proceedings consistent with this opinion.

S/Timothy L. Easter
TIMOTHY L. EASTER, JUDGE

- 5 -